406 So.2d 45 (1981)
Eddie Lee BARRY
v.
STATE of Mississippi.
No. 53077.
Supreme Court of Mississippi.
November 25, 1981.
Roger H. McMillin, Jr., New Albany, for appellant.
Bill Allain, Atty. Gen., by Amy D. Whitten, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROBERTSON, P.J., and BROOM and HAWKINS, JJ.
*46 ROBERTSON, Presiding Justice, for the Court:
Eddie Lee Barry was convicted in the Circuit Court of Union County of grand larceny for stealing a CB radio, speaker and antenna from Baxter N. Knox, Jr. He was sentenced to five years with the Mississippi Board of Corrections, with three years suspended.
Appellant Barry assigns as error:
I. That the CB radio, speaker and antenna were obtained from the trunk compartment of his automobile, as a result of an unlawful search and seizure; and
II. That the evidence as to the value of the property taken was insufficient to prove a value of $100 or more, and thus, at most, he would be guilty of petit larceny only.
During the early morning hours of April 2, 1980, Officer R.W. Davis stopped the defendant's automobile on Cleveland Street in the City of New Albany for no license plate. When the defendant, who smelled of alcohol, failed to exhibit a driver's license, Davis asked him to step out of the car. The defendant admitted drinking one beer but denied having any more beer in his possession.
After the defendant got out of his automobile, Davis observed some beer cans lying on the floorboard. Davis inquired whether defendant had any beer in the trunk. Defendant answered "no" and offered to show Davis. When the defendant opened the trunk, Officer Davis and Officer Gaines, who had arrived as a backup unit, observed a Pace CB Radio, an antenna and a speaker lying in the trunk. Defendant explained that he had just purchased the car and had not had time to install the CB radio which he had taken out of his other car. Defendant was ticketed for no driver's license and released.
Baxter N. Knox, Jr., reported the theft of his Pace CB Radio about 8:00 a.m. on April 2, 1980. The radio was taken from Knox's automobile while parked in his driveway some time between April 1 and the morning of April 2. The area where defendant was stopped was approximately five blocks from Knox's home.
On April 3, 1980, Inspector Bryant talked with Officers Davis and Gaines concerning the theft of Knox's radio. They informed him of seeing a Pace CB radio in the trunk of Barry's car. Inspector Bryant and Officer Davis then proceeded to defendant's residence, where they knocked on the door but received no answer; however, some small children told the officers that the defendant was inside. Inspector Bryant left to secure a search warrant while Officer Davis remained in the breezeway out of sight.
Shortly after Bryant left, the defendant opened the door and started to leave. Officer Davis stopped the defendant and asked about the CB radio. Defendant said he had returned the radio to the person he had gotten it from. Defendant began vacuuming and moving around in the apartment. Davis asked him to be still and remain in his sight. When Barry asked where Inspector Bryant had gone, Davis replied "to get a search warrant". At this point, Barry stated he would get the radio. He got his car keys, went outside and unlocked the trunk. Davis testified:
"A When he opened the trunk he reached in and got it and handed it to me... .
... .
"Q Did you have any type search warrant to enable you to search for that radio at that time?
"A I didn't search for it. He opened the trunk and handed me the radio."

I.
It is apparent to us, after carefully reviewing the record, that Barry freely and voluntarily consented to the search (if looking into the trunk could be considered a search), because he was not threatened, nor was he under any duress when he (Barry) opened the trunk and Officers Davis and Gaines saw the CB radio, speaker and antenna loose on the floor of the trunk. See Schneckloth v. Bustamonte, 412 U.S. 218, 93 *47 S.Ct. 2041, 36 L.Ed.2d 854 (1973). See also, Ramon v. State, 387 So.2d 745 (Miss. 1980), Cutchens v. State, 310 So.2d 273 (Miss. 1975), and Luton v. State, 287 So.2d 269 (Miss. 1973).
There is no merit in this assignment of error for this additional reason: there was probable cause, as well as exigent circumstances, for an immediate search. The CB radio was in the trunk of an automobile which could be easily moved and driven away. A warrantless search of an automobile has long been recognized as an exception to the warrant requirement provided probable cause and exigent circumstances exist. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). This exception is founded on the basic premise that for IV Amendment purposes there is a fundamental difference between houses and cars. Cady v. Dombrowski, 413 U.S. 433, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973). See also Miller v. State, 373 So.2d 1004 (Miss. 1979).

II.
As to the second assignment of error, owner Knox testified that he paid around $200 for the 23-channel Pace CB radio, speaker and antenna about 2 1/2 years before April 2, 1980, the day they were stolen. This was the only CB radio that Knox had ever bought or owned. Knox stated that his CB radio was worth at least $150 to him and that if he offered it for sale he wouldn't take less than $150 for it.
Barry produced William H. Pollard, the owner of a Western Auto Store, who had dealt in new and used CB radios for 6 1/2 years and had bought and sold between 5000 and 10,000 CB radios, new and used. He testified that the 23-channel CB radio had been superseded by the 40-channel radio, that the market for 23-channel radios was depressed and that in his opinion a used 23-channel CB radio like Mr. Knox's would sell for between $35 and $40 and the speaker for $12.50. He was of the opinion that under no circumstances would a CB radio and equipment like Mr. Knox's be worth as much as $100 on the open market.
In 50 Am.Jur.2d Larceny § 45 (1970), this language is found:
"Thus, in the case of common articles having a market value, the courts have usually rejected the original cost and any special value to the owner personally as standards of value for purposes of graduation of the offense, and have declared the proper criterion to be the price which the subject of the larceny would bring in open market  its `market value' or its `reasonable selling price,' at the time and place of the theft, and in the condition in which it was when the thief commenced the acts culminating in the larceny."
50 Am.Jur.2d at page 209-10. (Emphasis added).
3 Wharton's Criminal Law § 357 (14th Ed. 1980), has this to say about proving value of stolen property:
"When the grade of larceny depends upon the value of the property taken, such value must be proved as a fact and be determined by the jury.
"In the ordinary case, the proper yardstick is the market value of the property at the time and place of the larceny; the original cost of the property or any special value to the owner personally is not considered." 3 Wharton's at page 309-11. (Emphasis added).
We are of the opinion that the proof was not sufficient to establish the fair market value of Knox's CB radio, speaker and antenna, at the time they were stolen, at $100 or more, and, therefore, under Mississippi Code Annotated section 97-17-43 (1972), Barry was guilty only of petit larceny.
The conviction of Barry is, therefore, affirmed as to the lesser included offense of petit larceny, and this cause is remanded to the lower court for re-sentencing under the provisions of section 97-17-43, supra.
AFFIRMED AS TO PETIT LARCENY ONLY AND REMANDED FOR RESENTENCING.
PATTERSON, C.J., SMITH, P.J. and SUGG, WALKER, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.