763 So.2d 186 (2000)
John WILLIAMS a/k/a John E. Williams, Appellant,
v.
STATE of Mississippi, Appellee.
No. 97-KA-00774-COA.
Court of Appeals of Mississippi.
March 7, 2000.
Rehearing Denied July 20, 2000.
*187 Stan Perkins, Greenville, Attorney for Appellant.
Office of the Attorney General by Charles W. Maris, Jr., Attorneys for Appellee.
BEFORE SOUTHWICK, P.J., LEE, AND MOORE, JJ.
SOUTHWICK, P.J., for the Court:
¶ 1. John Williams appeals from the Circuit Court of Bolivar County following a jury verdict which found him guilty of receipt of stolen property of a value greater than $250. On appeal Williams argues only that the verdict was against the great weight of the evidence. We find no invalidity to the determination of Williams's knowing receipt but also find that the State never proved the value of the property. Consequently we reverse and remand for re-sentencing.

FACTS
¶ 2. On December 10, 1996, Kemp Morgan's truck was burglarized. A car stereo and a flashlight were stolen from his vehicle. George Williams, Jr., was arrested for the crime. He informed the police that these items and other stolen merchandise were exchanged with John Williams, to whom he was not related, for crack cocaine. George Williams testified that he informed the appellant Williams that the merchandise was stolen. A search warrant for the appellant's home was obtained. As a result of the search, the car stereo, the flashlight and additional merchandise reported to be stolen from others were discovered. The police also recovered a small amount of marijuana but no crack cocaine. Officer Serio testified that at the scene the appellant told him that the items came from George Williams, but that he was unaware that they were stolen.
¶ 3. The appellant Williams testified on his own behalf. He swore that he had been unaware that the items were stolen. Williams also testified that he did not exchange crack cocaine for the stereo and flashlight. Instead, he paid $60 for the items and agreed to hold them until the end of the week, at which time George Williams would pay $100 to get the merchandise back. The appellant testified that when presented with the search warrant he cooperated with the police and retrieved the items for them. The jury found the appellant guilty of possession of stolen property of greater than $250 in value. He was sentenced as a habitual offender to five years imprisonment.

DISCUSSION
¶ 4. Williams alleges that the verdict of the jury is against the great weight of the evidence. The procedural vehicle for the argument is that error is alleged to have occurred when his post-trial motion for a new trial was denied. The trial court may set aside the jury's verdict and order a new trial only when convinced that the "verdict is so contrary to the weight of the evidence that to allow it to stand would be to sanction an unconscionable injustice." Roberts v. State, 582 So.2d 423, 424 (Miss. *188 1991). In reviewing the decision of the trial court this Court views all the evidence in a light consistent with the jury verdict. Strong v. State, 600 So.2d 199, 204 (Miss. 1992). The jury heard the testimony of George Williams, Officer Serio and the appellant. The verdict of guilt implies that the jury did not accept the accused's explanation for his possession of this stolen property. We cannot say that the hypothetical reasonable juror could not have concluded that John Williams knowingly received stolen property.
¶ 5. There is one additional element of guilt that we separately consider. Williams argues that the value of the property was not proven. He was indicted under a statute that provides for up to a five year sentence for the receipt of stolen property of more than $250 in value. Miss.Code Ann. § 97-17-70(3) (Rev.1994). If that value is not shown, the sentence can be up to six months in jail. Miss.Code Ann. § 97-17-70(4). The supreme court has held that when there is no proof as to the value of an item, and value is an element of the crime, then the State has failed to carry its burden. Henley v. State, 729 So.2d 232, 238 (Miss.1998) (holding that value is an essential element of grand larceny, and failure to prove value warrants reversal and remand for sentencing on petit larceny).
¶ 6. We look to the evidence of value. The owner of the stolen property, Kemp Morgan, testified that he had paid $600 for the stereo two and a half years before the theft, and $110 for the flashlight a year prior to the crime. He stated that both items were still in good condition. The accused testified that he paid George Williams $60 cash for the items. George Williams agreed as to value received but not the currency. He testified that $60 worth of crack cocaine was given him.
¶ 7. The proper measure of value in a larceny or receipt of stolen property prosecution is the property's market value on the date of the crime. The supreme court explained this way:
"When the grade of larceny depends upon the value of the property taken, such value must be proved as a fact and be determined by the jury.
"In the ordinary case, the proper yardstick is the market value of the property at the time and place of the larceny; the original cost of the property or any special value to the owner personally is not considered."
Barry v. State, 406 So.2d 45, 47 (Miss. 1981), quoting 3 WHARTON'S CRIMINAL LAW § 357 (14th Ed.1980), at 309-11. In Barry, the accused was charged with grand larceny for the theft of a CB radio of a value greater than $100. The owner testified that he paid $200 for the equipment thirty months before the theft. The accused put on evidence from the owner of a Western Auto Store, who dealt in used CB radios. His testimony was that a radio identical to the one stolen would sell for between $35 and $40 and the speaker for $12.50. The court reversed the conviction, holding that there was no proofdespite the victim's own testimony as to what he had paid a few years earlierthat the property had the required value of more than $100. Id.
¶ 8. Neither in Barry nor here is the problem that conflicting evidence was introduced and the jury had to resolve the dispute. In neither case did the State introduce any competent evidence of the market value of the property at the time of the theft. In Barry but not here, there was also evidence from the accused as to the value on the date of the theft. That distinction does not assist our verdict. In the absence of any evidence of value the jury simply could not find that the property was worth at least $250. The Barry court quoted a legal encyclopedia to this effect:
"in the case of common articles having a market value, the courts have usually rejected the original cost and any special value to the owner personally as standards *189 of value for purposes of graduation of the offense, and have declared the proper criterion to be the price which the subject of the larceny would bring in open market-its `market value' or its `reasonable selling price,' at the time and place of the theft, and in the condition in which it was when the thief commenced the acts culminating in the larceny."
Barry, 406 So.2d at 47, quoting 50 AM. JUR.2d Larceny § 45 (1970), 209-10.
¶ 9. To similar effect is a case in which the issue was the value of flowers stolen from a cemetery, then later used for resale. Proving the original price was inadequate; it was the market value at the time of the theft that controlled. Cooper v. State, 639 So.2d 1320, 1324 (Miss.1994). A florist testified that many of the arrangements were still fresh when they were stolen two days after they were first delivered and retained most of the value that they had at the time of original sale. Id. That was sufficient evidence of value.
¶ 10. Without evidence from someone familiar with the market value of the used stereo or flashlight, there was nothing for the jury to consider in deciding whether this property was worth more than $250. They could speculate, but that is insufficient. Thus the evidence would only sustain a conviction for receipt of "stolen property which does not exceed" $250 in value. Miss.Code Ann. § 97-17-70(4). We remand for sentencing under this section of the statute.
¶ 11. THE JUDGMENT OF THE BOLIVAR COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF STOLEN PROPERTY IS AFFIRMED. THE SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT POSSIBILITY OF PAROLE IS REVERSED. THE CAUSE IS REMANDED TO THE TRIAL COURT FOR RE-SENTENCING. COSTS OF THIS APPEAL ARE ASSESSED TO BOLIVAR COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, DIAZ, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.