GRIFFIS, J.,
for the Court.
¶ 1. A Neshoba County Circuit Court jury convicted Matthew Rogers of posses *551 sion of stolen property. The Honorable Vernon R. Cotten sentenced Rogers to serve a term of five years, in the custody of the Mississippi Department of Corrections, and pay a $1,000 fine. Judge Cotten denied Rogers’s post-trial motions. On appeal, Rogers claims that there was insufficient evidence to convict him. We agree and remand his case for re-sentencing on the lesser-included offense of receipt of stolen property worth $500 or less.
FACTS
¶ 2. On or about September 25, 2003, a 1996 white Ford Ranger was reported stolen from James Gray Sales, Inc., an automobile dealership in Philadelphia, Mississippi. Later, the truck was discovered in Rogers’s possession just outside of Philadelphia. Rogers claimed that he owned the truck. However, the truck’s ignition was torn up, and it would not crank.
¶ 3. Rogers was indicted for possession of stolen property. The indictment, however, failed to state whether he was charged with the misdemeanor or felony amount. No evidence of the truck’s value was presented at trial. Indeed, the jury was not instructed to determine the truck’s value and did not. Nevertheless, Rogers was found guilty of felony possession of stolen property. Rogers was sentenced to five years imprisonment, which was the sentence for felony possession of stolen property valued greater than $500.
STANDARD OF REVIEW
¶ 4. In reviewing a sufficiency of the evidence claim, the Court considers the evidence in the light most favorable to the verdict. Bush v. State, 895 So.2d 836, 843(¶ 16) (Miss.2005). If any reasonable trier of fact could have found the essential elements of the crime beyond a reasonable doubt, we uphold the verdict. Id
ANALYSIS
¶ 5. Rogers claims that there was insufficient evidence to convict and sentence him for possession of stolen property worth more than $500. He asks the Court to remand his case for re-sentencing on the lesser offense, misdemeanor possession of stolen property worth less than $500. The State agrees that the evidence was insufficient but argues that Rogers should get a new trial on the issue of value. We disagree.
¶ 6. When value is an element of a crime and there was no proof of value introduced in evidence, the State has failed to carry its burden of proof. Henley v. State, 729 So.2d 232, 238(¶25) (Miss.1998). Value is an element to the crime of possession of stolen property under Mississippi Code Annotated Section 97-17-70 (Supp. 2005). Williams v. State, 763 So.2d 186, 188(¶ 5) (Miss.Ct.App.2000). Where the value of the property is greater than $500, the punishment is a maximum of ten years or a $10,000 fine or both. Miss.Code Ann. § 97-17-70(3) (Supp.2005). If the value of the property is $500 or less, then punishment shall not exceed six months in jail, $1,000 fine, or both. Miss.Code Ann. § 97-17-70(4) (Supp.2005). If there is no proof as to the value of the stolen property received, the conviction and sentence can only be for possession of stolen property worth $500 or less. Williams, 763 So.2d at 189(¶ 10).
¶7. Henley v. State involved a grand larceny conviction where defendant was accused of stealing a truck. Henley, 729 So.2d at 237(¶24). Because the truck’s value was never proven during the trial, the supreme court reversed the grand larceny conviction and had him re-sentenced for petit larceny. Id. at 238(¶ 28).
¶ 8. In Williams v. State, this Court applied the Henley rule to a possession of *552 stolen property greater than $500 conviction, under section 97-17-70(3). Williams, 768 So.2d at 188(115). Williams was accused of receiving a stolen car stereo and flashlight. Id. at 187(112). Because the State failed to provide competent evidence as to the items’ value, this Court reversed the conviction and had Williams re-sentenced on the lesser-included offense. Id. at 189(¶ 10).
¶ 9. The law mandates the same result here. Both parties acknowledge that the jury was presented with absolutely no evidence to the truck’s value. Therefore, we can only conclude that there was insufficient evidence to support a felony conviction for possession of stolen property pursuant to Section 97-17-70(3) (Rev. 2003). The evidence does support the finding that Rogers is guilty of misdemeanor possession of stolen property. Therefore, we reverse and remand for re-sentencing on the lesser-included offense of possession of stolen property worth $500 or less, pursuant to Mississippi Code Annotated Section 97-17-70(4) (Supp. 2005).
¶10. THE JUDGMENT OF THE CIRCUIT COURT OF NESHOBA COUNTY IS REVERSED AND REMANDED ' FOR RE-SENTENCING CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO NESHOBA COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, BARNES AND ISHEE, JJ., CONCUR. SOUTHWICK AND ROBERTS, JJ., NOT PARTICIPATING.