CARLTON, J.,
Dissenting:
¶ 8. This Court will not reverse a trial court’s decision to deny a motion for post-conviction relief unless the trial court’s decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶3) (Miss.Ct. App.2002). “In order to prevail on the issue of whether his defense counsel’s performance was ineffective, [Bady] must prove that his counsel’s performance was deficient and that he was prejudiced by counsel’s mistakes.” Kinney v. State, 737 So.2d 1038, 1041(¶ 8) (Miss.Ct.App.1999) (citing Strickland v. Washington, 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). The test set forth in Strickland to determine whether the defendant has received ineffective assistance of counsel applies to challenges to guilty pleas as well. Id. (quoting Hill v. Lockhart, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). Because I do not find that Bady has met the burden imposed by Strickland to show that he received ineffective assistance of counsel, I respectfully dissent.
¶ 9. An inmate asserting a claim of ineffective assistance of counsel is required to “allege[] with specificity and detail” the facts which show the attorney’s deficient performance and the prejudice to the inmate caused by the deficient performance. Kinney, 737 So.2d at 1041(¶ 8) (citing Cole v. State, 666 So.2d 767, 777 (Miss.1995)). Furthermore, “[t]here is a strong but re-buttable presumption that counsel’s conduct fell within the wide range of reasonable professional assistance.” Id. (citing Moody v. State, 644 So.2d 451, 456 (Miss. 1994)). Accordingly, “[j]udicial scrutiny of counsel’s performance must be highly deferential .... A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel’s challenged conduct, and to evaluate the conduct from counsel’s perspective at the time.” Strickland, 466 U.S. at 689, 104 S.Ct. 2052.
¶ 10. Because our standard of review is limited, I would defer to the trial court’s findings related to Bady’s ineffective assistance of counsel claim. The record on a guilty plea proceeding is limited, and we cannot determine factors that may have led Bady’s counsel to allow the guilty plea without objection to the indictment. Further, Bady has not overcome the presumption that his counsel’s advice and performance were the result of sound trial strategy. Hall v. State, 735 So.2d 1124, 1127(¶ 7) (Miss.Ct.App.1999) (citing Strickland, 466 U.S. at 686, 104 S.Ct. 2052).
¶ 11. We lack sufficient information in this case to distinguish trial strategy from ineffective assistance of counsel; therefore, Bady cannot overcome the presumption that his counsel was effective. The value of the property received by Bady would have been a question of fact for the jury had he gone to trial. Williams v. State, 763 So.2d 186, 188(¶ 7) (Miss.Ct.App. 2000) (quoting Barry v. State, 406 So.2d 45, 47 (Miss.1981)). “In the ordinary case, the proper yardstick is the market value of the property at the time and place of the larceny; the original cost of the property or any special value to the owner personally is not considered.” Id. (quoting Barry, 406 So.2d at 47). Bady has not presented any evidence to show the market value of the television at the time he took possession of it. What he does present is a receipt for the original purchase of the television and warranty. The value of that transaction as a whole was $546.65.
*822 ¶ 12. To satisfy the second prong of the Strickland analysis, Bady must show that his counsel’s deficiencies prejudiced him. Kinney, 737 So.2d at 1041(¶ 8). Therefore, Bady must show a reasonable probability that, but for his counsel’s errors, a different outcome would have resulted at trial. Hall, 735 So.2d at 1127(117) (citing Strickland, 466 U.S. at 694, 104 S.Ct. 2052). I do not find this burden to be met. “A ‘reasonable probability’ is one sufficient to undermine confidence in the outcome of the proceeding.” Id. I am confident that Bady has not been prejudiced by his counsel’s performance. This Court must “consider the totality of the circumstances in order to determine whether counsel’s actions were both deficient and prejudicial.” Id. at 1126-27(¶ 5). Had Bady chosen to go to trial, it is possible that the State could have proven the value of the television to be $500, and it is possible that he would have been convicted. Because a felony conviction of receiving stolen property carries the possibility of a ten-year sentence in the custody of the Mississippi Department of Corrections, Bady’s six-year sentence was relatively lenient. Further, the record shows that Bady’s sentence for receiving stolen property is being served concurrently with a six-year sentence for possession of cocaine, sentences that the trial judge ordered Bady to serve consecutive to another sentence he was already serving. Bady pleaded guilty to receiving stolen property at the same time he pleaded guilty to the drug charge, and it is clear from the plea hearing transcript that Bady’s counsel and the prosecutor discussed sentencing before Bady entered his plea.
¶ 13. Considering the totality of the circumstances, the decision to allow Bady to plead guilty without questioning the value of the television can easily be characterized as a strategic decision. Again, on appeal, “[tjhis Court will only under exceptional circumstances, second guess counsel on matters of trial strategy.” Hill v. State, 850 So.2d 223, 226(¶ 14) (Miss.Ct. App.2003) (citing Marshall v. State, 759 So.2d 511(¶ 11) (Miss.Ct.App.2000)). Because I do not find that Bady has proven both deficient performance of his counsel and prejudice as a result of the deficient performance, I would affirm the judgment of the trial court.
CHANDLER AND GRIFFIS, JJ., JOIN THIS OPINION.