KITCHENS, Justice,
Dissenting:
¶ 64. Without citation to any authority, the majority holds that proof regarding the value of the damaged or destroyed property was required in order for Thomas to have been entitled to a jury instruction regarding malicious mischief. This is contrary to our established case law; and, because the denial of Thomas’s instruction denied him due process of law, I respectfully dissent.
¶65. “From the very term ‘property’ the law infers some value.” Ill. Cent. R.R. Co. v. State, 94 Miss. 759, 48 So. 561, 562 (1909). Thus, when a defendant is charged with a crime against property, and the value of the damage to that property dictates whether the offense is a misdemean- or or a felony, it is not necessary for the State to have proven the value of the damage in support of the lesser offense if. the evidence is sufficient to show that property suffered some damage. Henley v. State, 729 So.2d 232, 238-39 (Miss.1998). See also Williams v. State, 763 So.2d 186, 189 (Miss.Ct.App.2000); Rogers v. State, 920 So.2d 550, 551-52 (Miss.Ct.App.2006).
¶ 66. In Henley, the defendant was convicted of grand larceny for stealing a truck in violation of Mississippi Code Section 97-17-41 (1994), which provided, “[ejvery person who shall be convicted of taking and carrying away, feloniously, the personal property of another, of the value of Two Hundred Fifty Dollars ($250.00) or more, shall be guilty of grand larceny.” Henley, 729 So.2d at 238. Henley appealed on the ground that there was a lack of evidence to establish the value of the truck, and therefore, his conviction for grand larceny could not stand. Id. We agreed and found there was “simply no evidence in the record as to the value of the truck.” But because Henley admitted stealing the truck, there was sufficient evidence to support a conviction of petit larceny under Mississippi Code Section 97-17-43 (1994), which provided, in pertinent part, “[i]f any person shall feloniously take, steal and carry away any personal property of another under the value of Two Hundred Fifty Dollars ($250.00), he shall be guilty of petit larceny.” Id. (emphasis added). In reaching this conclusion, we found that “[wjithout any evidence as to the value of the truck, the State has failed to meet its burden of proof as to one of the elements of grand larceny and conviction of same cannot be upheld.” Id. at 238 (emphasis added). Even though the petit larceny statute contained a value element as well, we did not require the State to prove the value because Henley admitted stealing the truck. Id. at 239. In effect, this Court recognized a presumption that all personal property has some value. Hence, all that was required for'the lesser offense was proof that the personalty was stolen by the accused. Id.
*482 ¶ 67. Here, the lower court’s conclusion that there was not enough evidence to show that the value of the fire damage was below $500 is a misinterpretation of applicable law. In Henley, the State was not required to prove that the value of the truck was under $250, only that the truck was stolen from its owner by the accused. Thus, in crimes against property with a value-based dividing point between misdemeanor and felony, when no value is proven, a felony conviction is precluded. But, if all other elements of the crime are sufficiently proven, the accused may be convicted of a lesser-included, or lesser-related, misdemeanor.
¶ 68. Thomas sought a jury instruction on misdemeanor malicious mischief. The malicious mischief statute in effect at the time stated in part, “(1) Every person who shall maliciously or mischievously destroy, disfigure, or injure ... any property of another ... shall be guilty of malicious mischief. (2) If the value of the property destroyed ... is Five Hundred Dollars ($500.00) or less, it shall be a misdemean- or.” Miss.Code. Ann. § 97-17-67 (2003) (emphasis added). Contrary to the majority’s conclusion otherwise, under this statute, a person need only maliciously or mischievously cause damage to another’s property to be convicted of misdemeanor malicious mischief. Because it is clear from the evidence that the fire did cause some property damage, there was, in this case, a sufficient evidentiary basis for the trial court to have granted Thomas’s request for a lesser-related offense instruction on misdemeanor malicious mischief.
¶ 69. Thomas sought to give the jury the option of convicting him of misdemean- or malicious mischief, basing his defense on the theory that he did not intend to burn the jail building, but meant merely to burn the bed sheets he had woven through the steel bars of his concrete cell. By denying instruction D-8, or some modified version of it, the trial judge left the jury with but two options: convicting Thomas of fourth degree arson or acquitting him. Thomas was thus foreclosed from presenting his theory of the case to the trier of fact.
¶ 70. In Keeble v. U.S., 412 U.S. 205, 212-13, 93 S.Ct. 1993, 36 L.Ed.2d 844 (1973), the United States Supreme Court addressed a similar situation:
[I]f the prosecution has not established beyond a reasonable doubt every element of the offense charged, and if no lesser offense instruction is offered, the jury must, as a theoretical matter, return a verdict of acquittal. But a defendant is entitled to a lesser offense instruction — in this context or any other— precisely because he should not be exposed to the substantial risk that the jury’s practice will diverge from theory. Where one of the elements of the offense charged remains in doubt, but the defendant is plainly guilty of some offense, the jury is likely to resolve its doubts in favor of conviction.... Indeed, while we have never explicitly held that the Due Process Clause of the Fifth Amendment guarantees the right of a defendant to have the jury instructed on a lesser offense, it is nevertheless clear that a construction of the Major Crimes Act to preclude such an instruction would raise difficult constitutional questions.
¶ 71. Keeble was convicted of assault with intent to inflict great bodily injury after denial of his request to have the jury instructed that they might convict him of simple assault. Id., 412 U.S. at 206, 93 S.Ct. 1993. Intent to commit serious bodily injury was a necessary element of the crime with which Keeble was charged, but not of the lesser crime of simple assault. Id. at 213, 93 S.Ct. 1993. The Supreme Court found that the nature of Keeble’s *483 intent was “very much in dispute at trial,” and that “the jury could rationally have convicted him of simple assault if that option had been presented.” Id. However, “the jury was presented with only two options: convicting the defendant of assault with intent to commit great bodily injury, or acquitting him outright.” Id. The Supreme Court found Keeble could not be deprived of the “protection afforded by an instruction on a lesser included offense, assuming of course that the evidence warrants such an instruction,” and reversed and remanded. Id. at 214, 93 S.Ct. 1993.
¶ 72. Likewise, Thomas should not have been deprived of the protection afforded by his proffered instruction on the lesser-related offense of malicious mischief, inasmuch as proof that Thomas had, in fact, committed that offense is easily found in the record. As Keeble makes clear, the very purpose of jury instructions is rooted in the right to a fair trial as guaranteed by the federal and state constitutional provisions that ensure that no person be deprived of life, liberty, or property without due process of law. U.S. Const, amend. V; Miss. Const, art. 3, § 14. For this reason, we repeatedly have held that a defendant is entitled to have the trial court instruct the jury regarding his or her theory of the case. See, e.g., Smith v. State, 802 So.2d 82, 88 (Miss.2001) (citations omitted). Because the trial court’s failure to provide the jury a proper instruction on the lesser-related offense of misdemeanor malicious mischief prevented Thomas from presenting his theory of the case to the jury, I would reverse and remand for a new trial in accordance with this opinion.
GRAVES, P.J., AND DICKINSON, J., JOIN THIS OPINION.