IRVING, J.,
 

 for the Court:
 

 ¶ 1. This appeal is from Keshia Gilmer’s conviction in the Lincoln County Circuit Court for arson and resulting sentence of three years in the custody of the Mississippi Department of Corrections, with two years suspended, one year to serve, and two years of probation. Feeling aggrieved, Gilmer appeals and asserts that there is insufficient evidence to support her conviction and that the overwhelming weight of the evidence is against her conviction.
 

 ¶ 2. Finding no reversible error, we affirm the judgment of the circuit court.
 

 FACTS
 

 ¶ 3. On June 10, 2008, Officer Fred Perkins of the Brookhaven Police Department received a complaint regarding a burglary at Bruce Robinson’s home in Brookhaven, Mississippi. Upon arriving at the home, Officer Perkins discovered a pile of items on fire in the home’s front yard. Officer Perkins testified that he observed a shoe burning on the pile and that various items of jewelry, including four rings and a necklace, were pulled from the fire.
 

 ¶ 4. At the time of the fire, Robinson was dating Luciana Thadison, who was living with him at his home. Robinson had previously been involved with Gilmer. Robinson testified that Gilmer called him on the day of the fire and told him that she was at his home and wanted to leave some money there that she owed him. Robinson told Gilmer that she could leave the money “on the step or in the mailbox.” According to Robinson, their conversation ended at that point. Robinson testified that Gil-mer called him again later the same day and told him that she had “burned the b*tch[’s] sh*t” because “[i]t shouldn’t have been in [Robinson’s home].” Robinson and Gilmer then agreed to meet at a nearby truck stop. They were conversing at the truck stop when Thadison arrived, causing Gilmer to leave. Robinson testified that Thadison followed Gilmer away from the truck stop. Robinson, however, returned to his home, where he found Tha-dison’s jewelry burning in his yard.
 

 ¶ 5. Thadison testified that she arrived at Robinson’s home on the day of the fire and saw a four-door blue vehicle in the yard. Thadison watched a woman exit the house. When she saw the woman, she called Robinson, who informed her that Gilmer drove a blue vehicle. Thadison wrote down the tag number of the vehicle that she had seen. Shortly thereafter, Thadison called Robinson again and Robinson told her that Gilmer was at a Shell station at a truck stop. Thadison then drove to the truck stop. Upon arrival there, she saw both Robinson and Gilmer, with Robinson leaning over in Gilmer’s car. Gilmer pulled off immediately. Thadison then called Robinson, obtained Gilmer’s telephone number from him and called her. Thadison pursued Gilmer “up the highway” and, during the pursuit, spoke again by telephone with Robinson, who told her that he had arrived home and that Gilmer had burned Thadison’s jewelry in his yard. Thadison also testified that, during her conversation with Gilmer, Gilmer eon-
 
 *1141
 
 firmed that she had burned Thadison’s belongings.
 

 ¶ 6. Thadison identified the jewelry recovered from the burn pile as hers. Tha-dison was not sure of the exact value of the items, but she testified that one ring had been purchased for $175. She explained that one outfit and a pair of shoes that were burned cost approximately $60. Thadison stated that the necklace that was burned was made of 14-carat gold and that the remaining three rings were made of either 10- or 14-carat gold.
 

 ¶ 7. Gilmer was the sole defense witness. She testified that she was dating Robinson in June 2008 and that she had never seen Thadison except at trial. She denied meeting Robinson at a truck stop and also denied setting fire to Thadison’s possessions.
 

 ¶ 8. Additional facts, if necessary, will be related during our analysis and discussion of the issues.
 

 ANALYSIS AND DISCUSSION OF THE ISSUES
 

 1. Sufficiency of the Evidence
 

 ¶ 9. Gilmer alleges that there is insufficient evidence to sustain her conviction. The Mississippi Supreme Court has a specific standard of review for complaints regarding the sufficiency of the evidence:
 

 [An appellate c]ourt should consider all the evidence in the case before [it], as well as all inferences which reasonably might be drawn from the evidence, and then view this evidence in the light most favorable to the prosecution. In so doing, if [the court] conclude[s] that reasonable and fair-minded jurors, in the exercise of their impartial judgment, could reach different conclusions as to each element of the criminal offense for which the defendant is on trial, [it is] duty-bound to find that the evidence is legally sufficient to sustain the conviction and thus ... must affirm on appeal.
 

 Brown v. State,
 
 39 So.3d 890, 895 (¶ 20) (Miss.2010) (citing
 
 Tate v. State,
 
 20 So.3d 623, 643 (¶ 53) (Miss.2009)).
 

 ¶ 10. The basis of Gilmer’s argument is that the State failed to provide sufficient evidence regarding the value of the items that were burned. According to section 97-17-7 of the Mississippi Code Annotated (Rev.2006), a person can only be found guilty of third-degree arson if he burns property worth at least $25.
 

 ¶ 11. There was no official appraisal of the property offered at trial. Regardless, Thadison testified that one ring had been purchased for $175, that the burned clothing had cost approximately $60, and that the remaining jewelry was made of 10- or 14-carat gold. Based on Thadison’s testimony, there is ample evidence that the burned items were worth at least $25.
 

 ¶ 12. Gilmer argues that her case is analogous to the appellant’s in
 
 Williams v. State,
 
 763 So.2d 186 (Miss.Ct.App.2000). In
 
 Williams,
 
 this Court found that the State failed to prove that John Williams received stolen property worth at least $250.
 
 Id.
 
 at 189 (¶ 10). We noted that our supreme court “has held that when there is no proof as to the value of an item, and value is an element of the crime, then the State has failed to carry its burden.”
 
 Id.
 
 at 188 (¶ 5) (citing
 
 Henley v. State,
 
 729 So.2d 232, 238 (¶25) (Miss.1998)). What distinguishes this case from
 
 Williams
 
 or
 
 Henley
 
 is that there was sufficient evidence in this case to establish that the burned items were worth at least $25. Although the exact value of the items was not established, it was clear that at the time of the arson, they were worth substantially more than $25.
 

 
 *1142
 
 ¶ 13. This contention of error is without merit.
 

 2. Weight of the Evidence
 

 ¶ 14. Gilmer contends that the weight of the evidence is against her conviction because most of the evidence consisted of the testimonies of Thadison and Robinson, who Gilmer alleges were involved in “a love triangle.”
 

 ¶ 15. The jury heard all of the evidence regarding the parties’ romantic entanglements. ' Having done so, the jury found Robinson and Thadison credible; as the ultimate fact-finder, the jury was entitled to find Robinson and Thadison credible despite Robinson’s prior relationship with Gilmer.
 
 See Lima v. State,
 
 7 So.3d 903, 910 (¶ 35) (Miss.2009).
 

 ¶ 16. There is no merit to this contention of error.
 

 ¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF LINCOLN COUNTY OF CONVICTION OF ARSON AND SENTENCE OF THREE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH TWO YEARS SUSPENDED, ONE YEAR TO SERVE, AND TWO YEARS OF PROBATION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LINCOLN COUNTY.
 

 KING, C.J., LEE AND MYERS,' P.JJ., GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ„ CONCUR.