# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-KA-01388-COA

**MILTON GRANT A/K/A MILTON D. GRANT**                    APPELLANT

**v.**

**STATE OF MISSISSIPPI**                                                  APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 08/23/2017 |
| TRIAL JUDGE: | HON. JEFF WEILL SR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: GEORGE T. HOLMES |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ALICIA MARIE AINSWORTH |
| DISTRICT ATTORNEY: | ROBERT SHULER SMITH |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | REVERSED AND REMANDED: 04/30/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE BARNES, C.J., WESTBROOKS AND LAWRENCE, JJ.**

**LAWRENCE, J., FOR THE COURT:**

¶1.     Milton Grant was convicted of receiving stolen property exceeding $1,000 but less than $5,000. The court sentenced Grant as a habitual offender to life imprisonment without eligibility for parole in the custody of the Mississippi Department of Corrections. Grant appealed, raising three issues: (1) whether the State presented sufficient evidence as to the value of the stolen property; (2) whether the State proved Grant's habitual offender status by competent evidence; and (3) whether Grant's sentence is unconstitutionally cruel and unusual. Because the State failed to present sufficient evidence as to the value of the stolen

property, we reverse Grant's conviction and remand for re-sentencing for misdemeanor receipt of stolen property. Accordingly, we find his remaining issues moot.

**FACTS**

¶2. On April 24, 2016, Christopher White was at the C&N convenience store in Jackson, Mississippi. White used his vehicle, a 2005 black Acura, to take patients to their appointments, and he was waiting on his manager to bring him the next day's routes. As White walked into the store to buy some cigarettes, Grant approached him and asked if he would like to buy some jewelry. White said "no." Grant then asked White if he would buy him some cigarettes. White said he would and walked into the store.

¶3. White walked out of the store and saw that his vehicle was gone. His phone and gun were in the vehicle. He ran around the corner to look for the vehicle but did not see it. White went back into the store to call his brother and then the police.

¶4. When White's manager showed up, White explained to him what happened. They rode together to White's house so that he could get another gun. When they got back to the store, the police still had not arrived. White called the police again, and an officer said someone would be there in ten minutes.

¶5. White tracked his cell phone through an app on his sister's phone and discovered that his phone was somewhere near Cherry Street in Jackson. White's manager agreed to take him to the phone's location. On his way there, White saw two police officers and asked if they could help him. The officers told White he would have to "call it in." White called the

2

police, again, and his manager dropped him off at an Exxon gas station. White saw his brother coming, so he stopped him and got into his vehicle. They pulled into a Shell gas station and saw White's vehicle. White and his brother waited for the police for about fifteen minutes, but they never came. White saw his vehicle leave the gas station. White and his brother followed the vehicle through a neighborhood, then back to the gas station. As Grant was exiting White's vehicle, White ran up to the vehicle with his gun.[1] White saw his driver's side door open, so he planned to get in the vehicle and drive away. Grant "started reaching" toward the vehicle. White remembered that his gun was in the vehicle, so he shot Grant to avoid being shot with his own gun.[2]

¶6. Grant got back into White's vehicle to drive away but ran into an air-hose assembly. He tried to fight White through the driver's side window, but White hit him with the barrel of his gun. Grant eventually escaped and ran into the gas station. As White was leaving the gas station, Grant shot at his vehicle and busted the back windshield. White testified that the gun from his vehicle was gone.

## STANDARD OF REVIEW

¶7. "When th[e] Court reviews the sufficiency of evidence supporting a guilty verdict, we

---

[1] The gas station's surveillance video was entered into evidence and viewed by the jury. The video shows one screen with footage from sixteen cameras—all from different angles. White's vehicle can be seen on two of the cameras. One camera's footage is distant, grainy, and black and white, while the other is in color. Neither footage gives a clear or close image of White's vehicle or indicates the value of the vehicle.

[2] White turned himself in to the police and gave a statement. White was arrested for aggravated assault, but the grand jury did not indict him.

view the evidence in the light most favorable to the State and decide if rational jurors could have found the State proved each element of the crime." *Lenoir v. State*, 222 So. 3d 273, 279 (¶25) (Miss. 2017). The relevant inquiry is "whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jones v. State*, 991 So. 2d 629, 634 (¶11) (Miss. Ct. App. 2008) (internal quotation mark omitted).

**ANALYSIS**

¶8. Grant argues that the State failed to present sufficient evidence as to the value of White's 2005 Acura. It is axiomatic that the State has the evidentiary burden in a criminal prosecution to prove every essential element of the crime charged beyond a reasonable doubt. *Williams v. State*, 111 So. 3d 620, 624 (¶10) (Miss. 2013). This burden of proof "never shifts from the State to the defendant." *Id*. (quoting *Sloan v. State*, 368 So. 2d 228, 229 (Miss. 1979)).

¶9. Mississippi Code Annotated section 97-17-70(4) (Rev. 2014) provides:

> Any person who shall be convicted of receiving stolen property which exceeds One Thousand Dollars ($1,000.00) or more, but less than Five Thousand Dollars ($5,000.00) in value shall be punished by imprisonment in the custody of the State Department of Corrections for a term not exceeding five (5) years or by a fine of not more than Ten Thousand Dollars ($10,000.00), or both.

¶10. "The supreme court has held that when there is no proof as to the value of an item, and value is an element of the crime, then the State has failed to carry its burden." *Williams v. State*, 763 So. 2d 186, 188 (Miss. Ct. App. 2000) (citing *Henley v. State*, 729 So. 2d 232, 238 (Miss. 1998) (holding that value is an essential element of grand larceny and that the

4

failure to prove value warrants reversal and remand for sentencing on petit larceny)). "The proper measure of value in a larceny or receipt of stolen property prosecution is the property's market value on the date of the crime." *Id*.

¶11. Our supreme court has held that an owner may testify to the value of his own property. *Moore v. State*, 187 So. 3d 109, 115 (¶8) (Miss. 2016). Here, the State never asked White, the owner of the vehicle, a single question about the value of the property. Its only testimony regarding the value of the vehicle came from Detective Jermaine Magee. On direct examination, the State asked Detective Magee the following:

> Q. Do you know if - - do you know what the approximate value of that car was?
>
> A. Yes. A little bit around 30,000 [sic] range.
>
> Q. So that's around $3,000 for a 2005 Acura.

¶12. On cross-examination, Detective Magee testified to the following:

> Q. And you testified this car, this Acura, you testified that you thought it was about $3,000 worth?
>
> A. It was more than 3,000.
>
> Q. You testified to the value of the car?
>
> A. Yes.
>
> Q. Was this your car?
>
> A. It was not my car.
>
> Q. Okay. How do you know the value of the car?

A.     Based on the model, the model it is.

Q.     So you know what the value of that car[] maybe should be?

A.     Approximately.

Q.     But you don't know what the value of that individual car is; right?

A.     Approximately.

Q.     You don't what the value of Christopher White's car is?

A.     Anybody can provide an approximate amount.

Q.     Okay. I guess m[y] question, Mr. Ma[g]ee, is how did you provide [a] valuation of a car that's not yours that -- have you ever even seen the car?

A.     Not other than the vehicle.  But I have seen one in person, yes, sir.

Q.     You've seen one but you haven't seen Mr. White's Acura; correct?

A.     I have not.

Q.     So as you sit here today you really can't tell us what Mr. White's car is worth?

A.     **No, I cannot**. I cannot exactly say what it's worth.  But looking at [it] I can give an approximate value of it.

Q.     Okay.  But you can't tell us what Mr. White's individual car is worth?

A.     **No, I cannot**.

(Emphasis added).

¶13.  Mississippi Rule of Evidence 701 provides:

If the witness is not testifying as an expert, the witness's testimony in the form of opinions or inferences is limited to those opinions or inferences which are

(a) rationally based on the perception of the witness, (b) helpful to the clear understanding of the testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of [Mississippi Rule of Evidence] 702.

"[A] lay witness may testify regarding an opinion 'that is [rationally] based upon his personal perceptions, and that will help the jury fairly resolve a controverted, material fact.'" *Hosey v. State*, 77 So. 3d 507, 517 (¶37) (Miss. Ct. App. 2011) (quoting *Marbra v. State*, 904 So. 2d 1169, 1174 (¶15) (Miss. Ct. App. 2004)). In a case involving the receipt of stolen property, a lay witness must be familiar with the market value of the stolen property. *Williams*, 763 So. 2d at 188 (¶10).

¶14. Here, Detective Magee's testimony is grossly insufficient to prove the value of White's vehicle. Detective Magee had no rationally based perception of the vehicle in question. In fact, he never saw the vehicle or conducted any type of research sufficient to have a foundation to provide such an opinion. Detective Magee twice admitted on cross-examination that he did not know the value of the vehicle.

¶15. The dissent relies on *Wilson v. State*, 198 So. 3d 408 (Miss. Ct. App. 2016), and argues that evidence was sufficient to prove value, based on Detective Magee's testimony, the surveillance video displaying the vehicle, and White's testimony as to the make, year, and color of the vehicle. The dissent argues that, based on that evidence, it was within "the jury's province to make independent determinations on such matters, which may be based upon its 'common experience,' 'reason,' and 'common sense.'" *Wilson*, 198 So. 3d at 418 (¶34) (quoting *Sears, Roebuck & Co. v. Learmonth*, 95 So. 3d 633, 639 (¶8) (Miss. 2012)). In

7

*Wilson*, the jury found the defendant guilty of receipt of stolen property greater than $500. *Id*. A witness provided a lay opinion that the stolen trailer was worth $1,500, and the trailer's owner testified that she paid $1,400 for the trailer three years before the theft. *Id*.

¶16. We find the present case distinguishable from *Wilson*. Here, the State never asked the owner of the vehicle any questions about the value of the vehicle, what he paid for the vehicle, or the vehicle's condition. Nor did the State call any other witnesses besides Detective Magee concerning the value of the vehicle. Detective Magee's testimony lacked any "rationally based" perception of the vehicle in question, as required by Mississippi Rule of Evidence 701. He never saw the vehicle in question, never researched any value of the vehicle, and admitted on cross-examination that he did not know the value of the vehicle. In summary, the State's evidence presented as to value was insufficient to prove beyond a reasonable doubt that White's vehicle was worth between $1,000 and $5,000. Thus, Grant's conviction cannot stand.

¶17. "Under the direct-remand rule, an appellate court may remand a case to the trial court for sentencing on a lesser-included offense where the greater offense was not proved, but the elements of the lesser-included offense were sufficiently met." *Hall v. State*, 187 So. 3d 133, 138 (¶18) (Miss. 2016). The logic behind the direct-remind rule is "grounded on the fact that guilt of a true lesser included offense is implicitly found in the jury's verdict of guilt on the greater offense." *Shields v. State*, 722 So. 2d 584, 585 (¶7) (Miss. 1998). Although the evidence was insufficient to prove the value of White's vehicle was between $1,000 and

$5,000, the evidence was sufficient to convict Grant of misdemeanor receipt of stolen property under Mississippi Code Annotated section 97-17-70(7). Accordingly, we reverse Grant's conviction and remand to the circuit court for resentencing under this section of the statute.

¶18.   **REVERSED AND REMANDED.**

**BARNES, C.J., GREENLEE, WESTBROOKS, TINDELL, McDONALD, McCARTY AND C. WILSON, JJ., CONCUR. CARLTON, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY J. WILSON, P.J.**

**CARLTON, P.J., DISSENTING:**

¶19.   I respectfully dissent from the majority's opinion. I find that the record reflects that sufficient competent evidence was presented to the jury as to the value of the stolen car. As a result, I would affirm the judgment and conviction of the trial court.

¶20.   It is well-established that "the State must prove each element of the charged crime beyond a reasonable doubt." *Williams v. State*, 772 So. 2d 406, 410 (¶16) (Miss. Ct. App. 2000). "When an item's value is an element of the crime, the State must provide proof as to the value of the item." *Ezell v. State*, 956 So. 2d 315, 321 (¶21) (Miss. Ct. App. 2006) (citing *Henley v. State*, 729 So. 2d 232, 238 (¶25) (Miss. 1998)); *see also Williams v. State*, 763 So. 2d 186, 188 (¶5) (Miss. Ct. App. 2000) (explaining that the value of the property is an essential element of the crime of receiving stolen property). In cases where "value is an element of a crime and there was no proof of value introduced in evidence, the State has failed to carry its burden of proof." *Rogers v. State*, 920 So. 2d 550, 551 (¶6) (Miss. Ct. App.

9

2006) (finding insufficient evidence to support a conviction for possession of stolen property where "absolutely no evidence" of the truck's value was presented).

¶21.    In the present case, Detective Magee testified that the 2005 Acura was worth "more than $3,000," based on the make and model. Detective Magee stated that although he had not seen White's 2005 black Acura, he has personally seen other 2005 black Acuras. Detective Magee also clarified that he was providing an approximate amount for the car's value and not an exact amount, explaining "I cannot exactly say what it's worth. But looking at [it] I can give an approximate value of it." During Detective Magee's direct examination, the State introduced into evidence a surveillance video depicting the theft of the 2005 Acura. The State played the video for the jury, and the 2005 black Acura was visible on the video. White also testified as to the make, year, and color of the car. White also provided sufficient testimony to show that the car was operational.

¶22.    The jury was also instructed as follows:

> You are required and expected to use your good common sense and sound honest judgment in considering and weighing the testimony of each witness who has testified in this case. The evidence which you are to consider consists of the testimony and statements of the witnesses and the exhibit(s) offered and received. You are also permitted to draw such reasonable inferences from the evidence as seem justified in light of your own experience.

This Court has held that "[i]t is within 'the jury's province to make independent determinations on [matters such as value], which may be based upon its 'common experience,' 'reason,' and 'common sense.'" *Wilson v. State*, 198 So. 3d 408, 418 (¶34) (Miss. Ct. App. 2016) (quoting *Sears, Roebuck & Co. v. Learmonth*, 95 So. 3d 633, 638 n.7

10

(Miss. 2012)).

¶23.   I submit that Detective Magee's testimony was a proper lay opinion and was sufficient for a jury to infer the value of the car. *See Gunn v. State*, 56 So. 3d 568, 571 (¶12) (Miss. 2011) (determining that "a jury is allowed reasonably to infer the value of specific items based on purchase price and additional testimony"); *see also Miles v. State*, 249 So. 3d 362, 367 (¶27) (Miss. 2018).  I would therefore affirm Grant's conviction and sentence.

**J. WILSON, P.J., JOINS THIS OPINION.**