# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-KA-01292-COA

**LEON TREVINO A/K/A LEON JESSE TREVINO**
**A/K/A LEON J. TREVINO**                                                           APPELLANT

**v.**

**STATE OF MISSISSIPPI**                                                                 APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 11/30/2022 |
| TRIAL JUDGE: | HON. ROBERT B. HELFRICH |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: ZAKIA BUTLER CHAMBERLAIN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LAUREN GABRIELLE CANTRELL |
| DISTRICT ATTORNEY: | PATRICIA A. THOMAS BURCHELL |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED IN PART; REVERSED AND RENDERED IN PART - 08/20/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE WILSON, P.J., McCARTY AND EMFINGER, JJ.**

**WILSON, P.J., FOR THE COURT:**

¶1.     Following a jury trial, Leon Trevino was convicted of aggravated assault, felon in possession of a weapon, and theft of a motor vehicle with a value of more than $5,000 but less than $25,000.  On appeal, Trevino argues only that the State offered insufficient evidence of the truck's value, an essential element of motor vehicle theft at the time of the offense.  The State confesses error and concedes that we should reverse and render that conviction.  We agree and reverse and render that conviction alone.  Trevino's convictions and sentences for aggravated assault and felon in possession of a weapon are affirmed.

**FACTS AND PROCEDURAL HISTORY**

¶2. Trevino got his girlfriend's truck "stuck" at the bottom of an embankment near her house, and his girlfriend, Shannon West, called her ex-boyfriend, Christopher Ingram, to help free the truck. After Ingram arrived, he and Trevino argued, and Ingram thought Trevino wanted "to fight." Trevino hit Ingram with a glass bottle, stabbed Ingram multiple times with a knife, and then stole Ingram's truck.

¶3. Trevino was indicted and convicted following a jury trial for aggravated assault, possession of a weapon by a felon, and motor vehicle theft. On appeal, Trevino does not challenge his convictions for aggravated assault or possession of a weapon. Nor does he dispute that he stole Ingram's truck. Rather, he argues only that the State failed to prove the value of the truck.

¶4. To establish the truck's value, the State relied solely on the testimony of Keith LeRoy, an investigator with the Forrest County Sheriff's Department. LeRoy testified that Ingram's truck was a "2006 Dodge dually" and that he searched for the value of the vehicle on the internet, but he never testified as to a specific or estimated value of the truck. Nor did the State present any other evidence of the truck's fair market value at the time it was stolen. LeRoy simply testified as follows:

> Q.  Now, were you able to ascertain a value of this vehicle?
>
> A.  Yes, sir.
>
> Q.  'Cause as you know, our statute requires us to have a range of values, right?
>
> A.  Yes, sir.

Q. All right. Did you do anything personally to investigate the value of this vehicle?

A. Looked up on the computer, like the NADA, and stuff like that.

. . . .

Q. Okay. But you personally looked at the NADA value of that vehicle; is that right?

A. Yes, sir.

At the conclusion of LeRoy's testimony, the State rested its case relying on LeRoy's testimony as the only evidence of the vehicle's value.

¶5. After the State rested and prior to his case-in-chief, Trevino moved for a directed verdict, arguing that LeRoy's testimony was insufficient to establish the value of Ingram's truck and that the State had failed to prove an essential element of motor vehicle theft—the value of the stolen vehicle. The trial court denied Trevino's motion, finding that the jury could infer the value of Ingram's truck from LeRoy's testimony. The case proceeded to a verdict, and Trevino was convicted of aggravated assault, felon in possession of a weapon, and theft of a motor vehicle valued between $5,000 and $25,000. The court sentenced Trevino to serve concurrent terms in the custody of the Department of Corrections of twenty years for aggravated assault and ten years each for possession of a weapon and motor vehicle theft. Trevino was sentenced as a nonviolent habitual offender.

**ANALYSIS**

¶6. On appeal, Trevino argues that there was insufficient evidence offered at trial for the jury to convict him of motor vehicle theft because the State failed to prove beyond a reasonable doubt that the value of Ingram's truck was between $5,000 and $25,000 at the

3

time it was stolen. The State confesses error and concedes that we should reverse and render a judgment of acquittal on Trevino's conviction for motor vehicle theft. "Notwithstanding this confession of error, we have an obligation to examine the record to determine whether the conviction should stand or be reversed." *McCollum v. State*, 186 So. 3d 948, 953 (¶19) (Miss. Ct. App. 2016).

¶7. "The . . . test for sufficiency of the evidence is familiar. We view the evidence in the light most favorable to the prosecution to determine whether rational, reasonable fair-minded jurors could have found that the State proved each essential element of the crime." *Poole v. State*, 46 So. 3d 290, 293 (¶20) (Miss. 2010) (quotation marks, brackets, and emphasis omitted). "We are not required to decide—and in fact we must refrain from deciding—whether we think the State proved the elements. Rather, we must decide whether a reasonable juror could rationally say that the State did." *Id.* at 293-94 (¶20).

¶8. When reviewing a challenge to the sufficiency of the evidence, we must also keep in mind the State's burden of proof. "It is axiomatic that the State has the evidentiary burden in a criminal prosecution to prove every essential element of the crime charged beyond a reasonable doubt." *Grant v. State*, 281 So. 3d 993, 995 (¶8) (Miss. Ct. App. 2019) (citing *Williams v. State*, 111 So. 3d 620, 624 (¶10) (Miss. 2013)). "This burden of proof 'never shifts from the State to the defendant.'" *Id.* at 995-96 (¶8) (quoting *Williams*, 111 So. 3d at 624 (¶10)). Thus, "when there is no proof as to the value of an item, and value is an element of the crime, then the State has failed to carry its burden." *Id.* at 996 (¶10) (quoting *Williams v. State*, 763 So. 2d 186, 188 (¶5) (Miss. Ct. App. 2000)).

¶9. Trevino was indicted for theft of a motor vehicle with a value of at least $5,000 but

less than $25,000 in violation of Mississippi Code Annotated section 97-17-42(1) (Rev. 2020). At the time of Trevino's offense and trial, that statute provided:

> Any person who shall, willfully and without authority, take possession of or take away a motor vehicle of any value belonging to another, with intent to either permanently or temporarily convert it or to permanently or temporarily deprive the owner of possession or ownership, and any person who knowingly shall aid and abet in the taking possession or taking away of the motor vehicle, shall be guilty of larceny and shall be punished based on the value of the motor vehicle involved according to the schedule in Section 97-17-41. If the value of the motor vehicle involved is One Thousand Dollars ($1,000.00) or less, the person shall be punished according to the schedule in Section 97-17-43.

Miss. Code Ann. § 97-17-42(1) (Rev. 2020).[1] Section 97-17-41, the grand larceny statute, provides for increasing sentencing ranges for thefts of property with a value of (1) $1,000 or more but less than $5,000; (2) $5,000 or more but less than $25,000; and (3) $25,000 or more. Miss. Code Ann. § 97-17-41(1)-(3) (Rev. 2020). Consistent with Trevino's indictment, the jury at Trevino's trial was instructed that an essential element of the offense of motor vehicle theft was proof beyond a reasonable doubt that the stolen vehicle's value was at least $5,000 but less than $25,000.

¶10. Thus, at the time of Trevino's offense, the punishment for motor vehicle theft under section 97-17-42 was based on the value ranges and punishments set out in the grand larceny and petit larceny statutes. *Johnson v. State*, 359 So. 3d 210, 217 (¶23) (Miss. Ct. App. 2022); *Shell-Blackwell v. State*, 305 So. 3d 1211, 1227 (¶55) (Miss. Ct. App. 2020). When a

---

[1] The Legislature recently amended the motor vehicle theft statute to remove all references to the value of the stolen vehicle. *See* 2024 Miss. Laws ch. 483, § 1 (S.B. 2174). Under the amended version of the statute, motor vehicle theft is now a felony regardless of the value of the stolen vehicle and is punishable by a fine of up to $10,000, a prison term not to exceed fifteen years, or both. *Id.* The amendments took effect on July 1, 2024, and therefore do not apply to this case. *Id.* § 2.

"statute establishe[s] levels of sentencing based on the value of the property [stolen], value [becomes] an element of the offense." *Shell-Blackwell*, 305 So. 3d at 1228 (¶58) (citing *Alleyne v. United States*, 570 U.S. 99, 110, 133 (2013)); *see also Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."). Thus, in Trevino's case, "section 97-17-42 made the vehicle's value an essential element of automobile theft." *Johnson*, 359 So. 3d at 217 (¶24). Accordingly, to convict Trevino of larceny of a vehicle, the State was required to prove beyond a reasonable doubt that Ingram's truck was valued between $5,000 and $25,000. *See* Miss. Code Ann. § 97-17-42(1)-(2) (Rev. 2020).

¶11. In this case, the State failed to offer any evidence of the stolen truck's value. Therefore, the State did not offer sufficient evidence from which a rational juror could find that the truck was valued between $5,000 and $25,000. Although LeRoy testified that he knew there was a statutory value range required for conviction, he did not testify as to his understanding of the maximum or minimum value of that range, nor did he testify that any estimate put Ingram's truck within the statutorily prescribed value range. LeRoy simply testified that he searched the internet for an estimated value of Ingram's truck, and he never testified that his search revealed any estimated value. Moreover, the State never asked Ingram a single question about his truck's actual value. Thus, the State presented no evidence from which a rational juror could find that Ingram's vehicle was valued between $5,000 and $25,000—an essential element of motor vehicle theft at the time of Trevino's offense and trial.

¶12. Because the State failed to offer any evidence of the stolen truck's value, there was insufficient evidence for a rational juror to find that Trevino stole a vehicle valued between $5,000 and $25,000. Therefore, we reverse and render Trevino's conviction for theft of a motor vehicle.[2] Trevino's convictions and sentences for aggravated assault and felon in possession of a weapon are affirmed.

¶13. **AFFIRMED IN PART; REVERSED AND RENDERED IN PART.**

**BARNES, C.J., CARLTON, P.J., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**

---

[2] The State has not argued that we should remand the case for Trevino to be re-sentenced for any lesser-included offense. Therefore, we reverse and render Trevino's conviction for motor vehicle theft without addressing any possible lesser-included offenses. *See Dean v. State*, 295 So. 3d 575, 579 (¶11) (Miss. Ct. App. 2020); *Foster v. State*, 281 So. 3d 229, 233 (¶¶13-14) (Miss. Ct. App. 2019).