910 So.2d 60 (2005)
Jimmie Lee THOMPSON, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2003-KA-02154-COA.
Court of Appeals of Mississippi.
January 11, 2005.
*61 John D. Watson, attorney for appellant.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
Before BRIDGES, P.J., CHANDLER and GRIFFIS, JJ.
CHANDLER, J., for the Court.
¶ 1. Jimmie Lee Thompson and an accomplice were arrested and convicted for burglary of the home of Dorothy Worley and for attempted grand larceny for attempting to steal an antique desk. Thompson appeals, raising the following issues:

I. WHETHER THE TRIAL COURT ERRED IN ADMITTING MRS. WORLEY'S TESTIMONY AS TO THE VALUE OF THE DESK

II. WHETHER THE TRIAL COURT ERRED IN REFUSING THOMPSON'S PROPOSED JURY INSTRUCTIONS
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. On April 6, 2001, Dorothy Worley drove by her former residence. Worley still owned the property, which stored some of her furniture. As she drove by, she noticed two men exiting the front door of her house carrying something. The item they were carrying was later ascertained to be a desk. Worley stopped at the house, with the intention of going across the street to call the police.
¶ 4. The truck the men arrived in was parked behind the house. Worley parked the car at the base of the driveway to prevent the men from escaping. When the men saw Worley arrive, they jumped the curb with the truck, drove off the driveway and escaped onto the highway. Worley followed the truck, blowing her horn and waving her arm to attract the attention of other motorists. She rolled her window down and asked the motorists with cell *62 phones to call the police. When she saw a police officer, she told him what had occurred. The officer stopped the men and arrested them. The two men, Jimmie Lee Thompson and Travis Manuel, were indicted and convicted of the charges of burglary and attempted grand larceny for attempting to steal property with a value in excess of $250, in violation of Mississippi Code Section 97-17-33 and Mississippi Code Section 97-17-41. Jimmie Thompson appeals.

ANALYSIS

I. WHETHER THE TRIAL COURT ERRED IN ADMITTING MRS. WORLEY'S TESTIMONY AS TO THE VALUE OF THE DESK
¶ 5. The desk Thompson attempted to steal was an antique solid cherry wood desk. The State established the value of the desk[1] exclusively through the testimony of Dorothy Worley. Worley believed that the desk was worth approximately $3,000. Her testimony consisted of the fact that her husband paid $3,000 for the desk eighteen or nineteen years ago. She had seen the receipt for the desk. Additionally, she encountered an antique cherry wood desk of similar quality and style for sale at Samuel's Furniture Store in Memphis. This desk was for sale for $4,399. Worley understood that the value of antique furniture tends to appreciate, rather than depreciate, in value. Based on these facts, Worley estimated that the desk was worth $3,000, the same price she paid for it.
¶ 6. Thompson argues that Worley's testimony regarding the value of the desk should be stricken because she is not an expert in the field of furniture valuation. Because she is not an expert, argues Thompson, she is not allowed to give an opinion regarding the value of the desk. Mississippi Rule of Evidence (M.R.E.) 702 provides that "if scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." Thompson submits that the valuation of furniture is an area that requires the opinion of an expert. When the furniture in question has been used for seventeen to nineteen years, argues Thompson, the value is subject to factors such as depreciation, condition, and market price. We decline to hold that the value of the desk needed to be established by an expert. It is common knowledge and not exclusively within the knowledge of an expert that antique furniture tends to appreciate, rather than depreciate, in value. The establishment of market price of a desk can be established by comparing the desk in question to similar desks that are currently for sale; there is no need to rely on a complex economic model to establish the market value of an item that can be comparably priced. For the purposes of this case, it was not necessary to establish a precise value on the stolen desk but merely to establish that the desk had a value that was greater than $250. The photograph of the desk, State's Exhibit 1, shows that the desk was in excellent condition. In other words, there was no need for an expert to testify that the particular desk owned by Worley was worth more than $250. We find no merit in demanding expert testimony to value the desk.
*63 ¶ 7. M.R.E. 701 governs the admissibility of opinion testimony by lay witnesses and allows lay witnesses to give such opinions so long as the inferences are "(a) rationally based on the perception of the witness, (b) helpful to the clear understanding of the testimony or determination of a fact or issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Worley's opinion testimony regarding the value of the desk was based on her personal knowledge that her husband paid $3,000 for the desk, her personal knowledge that antique furniture tends to appreciate rather than depreciate, and her personal knowledge that a similar desk is currently for sale for $4,399. The facts Worley used to establish the value of the desk were all based on her personal knowledge, and there was no scientific or technical basis for her valuation of the desk. Her opinion of the estimated value of the desk was therefore admissible.
¶ 8. M.R.E. 702 provides that an expert witness may be used if it will assist the jury in understanding the evidence or determine a fact at issue. In this case, there was no evidence produced by Thompson showing that the desk might be worth less than $250. There was no issue regarding the value of the desk that the jury needed to resolve, as we will discuss later. Because there was no issue for the jury to resolve, there was no need to require expert testimony regarding the value of the desk.
¶ 9. In Barry v. State, 406 So.2d 45 (Miss.1981), the Mississippi Supreme Court adopted the following standard for valuing property for the purpose of convicting a defendant of grand larceny: "In the ordinary case, the proper yardstick is the market value of the property at the time and place of the larceny; the original cost of the property or any special value to the owner personally is not considered." Id. at 47 (quoting 3 Wharton's Criminal Law § 357 at 309-11 (14th Ed.1980)). In Barry, the proof that Barry should be convicted for grand larceny consisted of testimony from the owner that he paid about $200 for the stolen CB Radio, speaker, and antenna approximately two and a half years before they were stolen. The Court held that this testimony was insufficient to sustain a grand larceny conviction. Id. In Williams v. State, 763 So.2d 186, 188(¶ 6)(Miss.Ct.App.2000), the trial court heard evidence from the victim that he paid $600 for his stolen stereo two and a half years before the theft and paid $110 for the stolen flashlight one year before the theft. This Court found that such evidence was insufficient to sustain a grand larceny conviction because "the State [did not] introduce any competent evidence of the market value of the property at the time of the theft." Id. at 188(¶ 9).
¶ 10. If Worley's testimony consisted solely of the evidence that her husband paid $3,000 for a piece of property that depreciates, we would be compelled to hold that the State did not produce competent evidence to support a grand larceny conviction. However, unlike Barry or Williams, the State proved that the value of the desk was worth more than $250. This was proved by evidence showing that the item was purchased for substantially more than $250. Unlike Barry or Williams, the type of property Thompson attempted to steal tends not to lose value. Since the property in question tends not to decline in value, the fact that Worley's husband paid more than $250 is credible evidence that would support a grand larceny conviction. We find this evidence to be competent to sustain a grand larceny conviction.
*64 ¶ 11. Thompson argues that Worley's testimony pertaining to the fact that a similar desk is for sale at Samuel's Furniture Store for $4,399 is hearsay. See M.R.E. 801(c). The Mississippi Supreme Court has already ruled that the introduction of price tags is not hearsay and is admissible to prove the value of a stolen item. Lacy v. State, 432 So.2d 1205, 1206 (Miss.1983). Appellate courts from other jurisdictions have addressed this very issue. In State v. Pulver, 194 Or.App. 423, 95 P.3d 250, 252 (2004), the sole issue addressed by the Oregon Court of Appeals was whether evidence of the price of the shoes in the form of testimony as to their price tags was inadmissible hearsay. The security guard who testified as to the price of the shoes related the price based on his personal observation of the price tags. The court held that such testimony was not hearsay because the witness's observations were made firsthand, rendering him competent to testify as to those observations under Oregon Evidence Code (OEC) 602. Id. M.R.E. 602, which requires a witness to testify as to matters based on his or her personal knowledge, reads nearly verbatim to OEC 602.[2] Based on our supreme court holding, as well as the holding in Pulver, in addition to the wide discretion properly afforded to trial judge to admit or exclude testimony, we find no reversible error in admitting this testimony.

II. WHETHER THE TRIAL COURT ERRED IN REFUSING THOMPSON'S PROPOSED JURY INSTRUCTIONS
¶ 12. After Thompson's counsel rested his case, Thompson's counsel tendered two jury instructions marked D-1 and D-2. D-1 was an instruction granting a directed verdict which Thompson submits was supported by the overwhelming weight of the evidence. Instruction D-2 was an instruction of petit larceny, which Thompson argues should have been submitted to the jury because a reasonable jury could have found the value of the desk to be below $250. The court refused to give the jury either one of these instructions.

(A) Whether the Court Erred in Refusing to Give Thompson's Peremptory Jury Instruction
¶ 13. Thompson argues that it was clear error to refuse to give the jury instructions for a directed verdict. He believes that the conviction is an unconscionable injustice because the identity of the house burglar was not adequately established. There were no fingerprints nor positive eyewitness identifications of Thompson as one of the men exiting Worley's house. We find that there was sufficient evidence to show Thompson as one of the two people who removed the desk.
¶ 14. Thompson never testified or presented other witnesses who testified that someone else tried to take the desk. Worley observed Thompson and his accomplice coming out of the front door of her house, saw them coming off the front porch, and saw them set the desk in the yard and run to the back of the house. Worley then saw the two men charging after her in their truck. Worley was sure that the truck the *65 police officers stopped was the same truck that left her home because the truck never left her sight from the time it left her house until the time it was stopped by the police officers who came to her aid. Worley was close behind the truck the entire time. Officer Mark Little, who was dispatched to the site of the arrest where Thompson and his accomplice were detained, made a positive in-court identification of Thompson as one of the two men who had been apprehended. Thompson argues that this evidence is not sufficient to support a guilty verdict. We disagree.
¶ 15. The standard of review of the denial of a motion for directed verdict and peremptory jury instruction is the same. Baker v. State, 802 So.2d 77, 81(¶ 13) (Miss.2001). When reviewing the denial of a peremptory jury instruction, we are required to consider the evidence in a light most favorable to the State, giving the State the benefit of all favorable inferences which may be reasonably drawn from the evidence, and to disregard evidence favorable to the defendant. Id. We are compelled to affirm where substantial evidence of such quality and weight exists to support the verdict and where reasonable and fair-minded jurors may have found appellant guilty. Id. Thompson admits to being at Worley's house on April 6, 2001, and being a passenger in the truck. He denies actually being inside the house and taking the desk. Worley saw two men coming from inside the house and taking a desk out of the house. She then saw the same two men leave the desk in the front yard and leave her house in the truck that the police stopped. Officer Brad Russell of the Southaven Police Department investigated the burglary at Worley's home. He confirmed that there was a desk sitting in the front yard. His investigation revealed that someone kicked in the back door, and the interior of the house "looked like it had been rambled through." Officer Little identified a photograph of the truck that had been stopped. The picture showed that there was grass stuck to the front bumper of the truck. There was sufficient evidence to support a guilty verdict.

(B) Whether the Court Erred in Refusing to Give the Jury an Instruction for Petit Larceny
¶ 16. Thompson argues that the refusal to give the jury an instruction for petit larceny was manifestly erroneous because a reasonable jury could find that the value of the desk was worth less than $250. We find no error. Petit larceny is a lesser-included offense of grand larceny. If the stolen property in question is worth less than $250, the accused will be convicted of petit larceny. Miss.Code Ann. § 97-17-43 (Supp.2003). A defendant is entitled to a lesser offense instruction only where there is an evidentiary basis in the record. Perkins v. State, 788 So.2d 826, 828(¶ 8) (Miss.Ct.App.2001). In this case, the State produced credible evidence that the desk was worth at least $3,000, while the defense produced no evidence that the desk might be worth less than $250. "[I]f the evidence does not justify submission of the lesser-included offense, the court should refuse to do so. Unwarranted submission of a lesser offense is an invitation to the jury to disregard the law." Presley v. State, 321 So.2d 309, 310-11 (Miss.1975). We find that the court did not err in refusing to give an instruction for petit larceny because the jury had no evidentiary basis to value the desk at less than $250. Therefore, there was no issue for the jury to resolve.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY OF CONVICTION OF COUNT I BURGLARY OF A BUILDING AND *66 SENTENCE OF FIVE YEARS, COUNT II ATTEMPTED GRAND LARCENY AND SENTENCE OF FIVE YEARS TO RUN CONCURRENTLY WITH SENTENCE IN COUNT I, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AND FINE OF $1000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.
NOTES
[1] The value of the desk is relevant for the purpose of Jimmie Thompson's conviction because the desk would have to be valued at more than $250 to support a conviction for grand larceny. Miss.Code Ann. § 97-17-41 (Supp.2003).
[2] OEC 602 reads as follows: "Subject to the provisions of OEC 703, a witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the testimony of the witness." M.R.E. 602 reads as follows: "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the testimony of the witness himself. This rule is subject to the provisions of rule 703, relating to opinion testimony by expert witnesses."