990 So.2d 270 (2008)
Bobby R. LINDSEY, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2007-KA-00927-COA.
Court of Appeals of Mississippi.
September 9, 2008.
*271 George T. Holmes, Jackson, attorney for appellant.
Office of the Attorney General by Deirdre McCrory, attorney for appellee.
Before KING, C.J., GRIFFIS and CARLTON, JJ.
KING, C.J., for the Court.
¶ 1. On March 6, 2007, Bobby R. Lindsey was convicted of burglary of a business. He was sentenced to seven years in the custody of the Mississippi Department of Corrections with three years suspended and three years of supervised probation. Aggrieved, Lindsey appeals and alleges that the trial court erred when it denied his requested jury instruction. Finding no error, we affirm the judgment of the trial court.

FACTS
¶ 2. In the early morning hours of May 15, 2006, Officer Colandis Hodge of the Edwards Police Department responded to a security alarm at McHann Railroad Services, Inc., in Edwards, Mississippi. As he arrived, he spotted a blue Ford car driven by Lindsey leave the parking lot. Office Hodge began pursuit of the vehicle as it left, and the Ford began to travel at a very high rate of speed. The pursuit of the vehicle ended when the Ford left the roadway and got stuck. The driver then fled the vehicle and evaded Officer Hodge in some nearby woods. Shortly thereafter, Lindsey was found in a nearby abandoned house.
¶ 3. Bryan McHann, the owner of the business, drove to his business when he was notified that a security alarm had been set off. When he arrived, he met Chief Louis Johnson of the Edwards Police Department. McHann and Chief Johnson left the business and proceeded in the direction of Officer Hodge's pursuit. A short time later, they reached the Ford, which had been abandoned by Lindsey. Upon their arrival, they found a number of items in the back of the Ford that belonged to McHann's business. McHann testified that these items included a chainsaw, a gas jug, a case of transmission fluid, and a bucket full of hand tools. He stated that the value of the items taken was approximately $3,500. During McHann's testimony, the State introduced pictures of the items found in the back of the blue Ford.
¶ 4. Lindsey testified in his own defense that his car broke down next to McHann Railroad Services, Inc. He further testified that he traded cocaine for the items which were found in the back of his car.
¶ 5. After both sides rested, the jury returned a verdict, finding Lindsey guilty of burglary of a business. Aggrieved, Lindsey filed this appeal.

ANALYSIS
¶ 6. Lindsey alleges that the trial court committed reversible error when it refused to instruct the jury as to misdemeanor receipt of stolen property. Prior to our discussion of the merits of Lindsey's allegation, we must first address the State's allegation that we are procedurally barred from addressing this claim.
¶ 7. The State alleges that this Court is procedurally barred from addressing this claim since Lindsey failed to *272 include a copy of the offending jury instruction in the record. For support, the State cites to Rogers v. State, 796 So.2d 1022, 1029(¶ 24) (Miss.2001). In that case, Rogers argued that the trial court erred when it refused a jury instruction as to the definition of malice aforethought. Id. at (¶ 23). The supreme court held that since the jury instruction was not included in the record, and the only mention of it was found in Rogers's brief, the issue was not properly before the court. Id. at (¶¶ 23-24). The supreme court went on to state that it could not "review the bare assertions in the parties' briefs, but must look to the record." Id. at (¶ 24). By including an instruction in the record, it allows the reviewing court to "intelligently act on any question about an instruction." Harris v. State, 386 So.2d 393, 396 (Miss.1980).
¶ 8. While Lindsey's proffered jury instruction should have been provided in the record, there was a lengthy discussion of this particular instruction during a bench conference that appeared in the record. In this instance, the on-the-record discussion provides this Court with the ability to "intelligently act" on the question presented about the jury instruction. Therefore, our review of this issue is not procedurally barred, and we now turn to the merits of Lindsey's allegation of error.
¶ 9. Lindsey alleges that the trial court should have granted his request for a jury instruction on misdemeanor receipt of stolen property. During a conference in the trial judge's chambers, Lindsey requested a jury instruction as to misdemeanor receipt of stolen property. After the parties returned to the courtroom, the trial court stated that it would not accept the requested jury instruction in its current form, but would accept a similar jury instruction for felony receipt of stolen property. The offenses contain the same elements except for the value of property. Miss.Code Ann. § 97-17-70 (Rev.2006). If the value of the property is in excess of $500, then the crime is a felony, and Lindsey could be sentenced up to ten years' imprisonment. Miss.Code Ann. § 97-17-70(3). However, if the value of the property does not exceed $500, then the crime is a misdemeanor, and Lindsey could be sentenced to a maximum of six months' imprisonment. Miss.Code Ann. § 97-17-70(4). Since felony receipt of stolen property carried a potentially harsher penalty than burglary of a business, which carried a maximum sentence of seven years, Lindsey rejected the proposed amendment.
¶ 10. Lindsey is entitled to have a jury instruction on his theory of the case, provided that there was a foundation for the jury instruction in the evidence. Williams v. State, 797 So.2d 372, 378(¶ 20) (Miss.Ct. App.2001). Lindsey testified in his own defense that he bought the items from another individual by using cocaine as payment. Clearly, there is evidentiary support for the receipt of stolen property. However, the key issue is the value of the property and, thus, the severity of the offense.
¶ 11. The only mention as to the value of the stolen items came from McHann's testimony. On direct examination by the State, McHann testified that the stolen property was worth $3,500. On cross-examination, Lindsey's counsel began to ask McHann about the value of each individual item found in Lindsey's vehicle. McHann stated that the gas can was worth seven or eight dollars, and the case of transmission fluid was worth eighteen to twenty-four dollars. Lindsey's counsel then began to question McHann about the ten-year-old chainsaw, but he failed to ask McHann for its value. Further, McHann never testified as to the individual value of the bucket of Craftsman hand tools. Therefore, no evidence was put forth as to the individual *273 values for the most expensive items stolen, the chainsaw and the bucket of Craftsman hand tools.
¶ 12. A similar issue was addressed by this Court in Thompson v. State, 910 So.2d 60, 65(¶ 16) (Miss.Ct.App.2005). In that case, Thompson was charged with burglary and attempted grand larceny for the theft of an antique desk. Id. at 61(¶ 1). On appeal, he argued that the trial court erred when it refused a jury instruction to the lesser-included crime of petit larceny. Id. at 65(¶ 16). This Court held that "the State produced credible evidence that the desk was worth at least $3,000, while the defense produced no evidence that the desk might be worth less than $250."[1]Thompson, 910 So.2d at 65(¶ 16). This Court went on to hold that the trial court did not err when it refused the requested instruction. Id. The same circumstances occurred in this case. The State provided credible evidence as to the value of the items stolen, while the defense provided no evidence to the contrary.
¶ 13. In light of McHann's uncontradicted testimony as to the value of the items, and the lack of any other evidence as to their value, the trial court did not err when it refused the proffered jury instruction for misdemeanor receipt of stolen property. Therefore, this issue is without merit.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY OF CONVICTION OF BURGLARY OF A BUSINESS AND SENTENCE OF SEVEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH THREE YEARS SUSPENDED AND THREE YEARS OF SUPERVISED PROBATION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] In Thompson, the Court cited to Mississippi Code Annotated section 97-17-43 (Supp. 2003), which at the time provided that the property's value shall not exceed $250.00, to define petit larceny. Thompson, 910 So.2d at 65(¶ 16).