# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2013-KA-01768-SCT

*JEROME TOTTEN*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/10/2013 |
| TRIAL JUDGE: | HON. SMITH MURPHEY |
| TRIAL COURT ATTORNEYS: | RHONDA AMIS |
| | DAVID WALKER |
| COURT FROM WHICH APPEALED: | TATE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER |
| | BY: W. DANIEL HINCHCLIFF |
| | GEORGE T. HOLMES |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: SCOTT STUART |
| DISTRICT ATTORNEY: | JOHN W. CHAMPION |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 03/05/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE DICKINSON, P.J., KITCHENS AND CHANDLER, JJ.**

**CHANDLER, JUSTICE, FOR THE COURT:**

¶1. Jerome Totten was tried and convicted in September 2013 for burglary of a dwelling and grand larceny. He was sentenced as a habitual offender to terms of twenty-five and ten years respectively, to be served concurrently. Totten, represented by the State Public Defender, argues on appeal that the State failed to present sufficient evidence that the actual fair market value of the items stolen in the burglary equals or exceeds $500, thereby not supporting the conviction for grand larceny. We hold that the circumstantial evidence

presented of the value of the items was sufficient for a reasonable jury to infer that the value of the items equaled at least $500. Totten also filed a *pro se* supplemental brief, challenging his burglary conviction in addition to the conviction for grand larceny. We find his arguments to be without merit, and therefore we affirm his convictions.

### FACTS AND PROCEEDINGS BELOW

¶2. In March 2012, Corey Rakestraw took his dirt bike for a test drive between his home and a nearby grocery store. A man in a white truck stopped him to ask if the bike was for sale, and the two had a short conversation. When Rakestraw returned to his home a short time later, he observed the white truck following behind him, and the driver looking closely at the house as he passed by.

¶3. A few days later, Rakestraw left town for two weeks for work. His wife and children stayed with extended family, as they always did when he was away for long periods. When he returned, he discovered his home had been burglarized. The Rakestraws' clothes' dryer was taken, along with a laptop, two chainsaws, an Amish heater, and all tools of value. Only the laptop and Amish heater were recovered. A local woman named Annie Davis had purchased the heater directly from Jerome Totten for $10. The laptop was recovered after Totten attempted to sell it to an acquaintance, Bo Mims, who, at the request of a friend who ran a local pawn shop, was on the lookout for laptops that had been stolen from a local church.

¶4. At trial, Rakestraw identified Totten as the man who had asked about buying his dirt bike. He further testified as to the value of the stolen items. He had paid $125 for the dryer approximately two weeks before the burglary. He paid $350 for the laptop at Walmart. He

2

bought the heater for $185 at a surplus warehouse. Rakestraw estimated that one of the chainsaws was worth $200. He testified that he paid "well over $1,000" for the tools from a local store. Annie Davis and Bo Mims testified that they had received the stolen heater and laptop directly from Totten. Totten testified on his own behalf and argued that, because he had a good job, he had no motivation to commit the burglary. The court denied Totten's motion for a directed verdict. The jury was instructed that, in order to find Totten guilty of grand larceny, they had to determine that "the current value of said property was $500.00 or more . . . .The jury returned a unanimous verdict of guilty on both the burglary and grand-larceny counts. Totten was sentenced as a habitual offender to twenty-five years for burglary and ten years for grand larceny, to be served concurrently. The court denied his post-trial motion for judgment not withstanding the verdict (JNOV) or a new trial. He appeals to this Court.

## DISCUSSION

¶5.     When reviewing whether the evidence was sufficient to support the verdict, we must determine whether, when viewing the evidence in the light most favorable to the State, any rational juror could have found that the State had proven each element of the crime charged beyond a reasonable doubt. *Gunn v. State*, 56 So. 3d 568, 570 (Miss. 2011); *Bush v. State*, 895 So. 2d 836, 843 (Miss. 2005).

    1.     *Challenges raised on Totten's behalf by State Public Defender*

¶6.     Totten argues that the State failed to present evidence of the actual value of the items stolen at the time of the theft. At the time of Totten's crimes, Mississippi Code Section 97-17-41(1) provided:

3

Every person who shall be convicted of taking and carrying away, feloniously, the personal property of another, of the value of five Hundred Dollars ($500.00) or more, shall be guilty of grand larceny, and shall be imprisoned in the Penitentiary for a term not exceeding ten (10) years; or shall be fined not more than Ten Thousand Dollars ($10,000), or both. The total value of property taken and carried away by the person from the single victim shall be aggregated in determining the gravity of the offense.

Miss. Code Ann. § 97-17-41(1) (Rev. 2006).[1]

¶7. Totten is correct that the market value of the property at the time and place of the larceny is the accurate measurement for satisfying that element of the crime. *Gunn*, 56 So. 3d at 571. However, this Court and the Court of Appeals consistently have held that evidence of the purchase price of stolen items is relevant circumstantial evidence from which the jury can reasonably infer the market value of the items at the time of the theft. *Id.*; *Williams v. State*, 994 So. 2d 821, 825-826 (Miss. Ct. App. 2004); *Smith v. State*, 881 So. 2d 908, 910 (Miss. Ct. App. 2004). In *Gunn*, this Court upheld a grand larceny conviction where the evidence submitted as to the value of stolen tools was that the victim had paid $1,236.90 for the tools six months before they were stolen. *Gunn*, 56 So. 3d at 571. The Court stated, "we find that the evidence presented was sufficient for a reasonable juror to find that the value of the stolen tools was more than $500." *Id*. *See also Ezell v. State*, 956 So. 2d 315, 322 (Miss. Ct. App. 2006).

¶8. Here, evidence was presented to show that the purchase price of the stolen items– several of them purchased recently before the burglary–was at least $1,860. The jury was correctly instructed that, in order to find Totten guilty, it had to find that the market value of

---

[1] The statute was revised effective July 1, 2014, to increase the threshold value of the property from $500 to $1,000. Miss. Code Ann. § 97-17-41 (Rev. 2014).

4

the property at the time of the larceny equaled or exceeded $500. Similar to **Gunn**, here, sufficient circumstantial evidence of the property's current value was presented for a reasonable jury to infer that the value of the items was equal to or greater than $500 at the time of the theft.

2. *Challenges raised by Totten's pro se supplemental brief*

¶9. Totten's *pro se* supplemental brief raised several issues in addition to the arguments raised by his counsel. *See* Mississippi Rule of Appellate Procedure 28(b). He argues that the laptop and heater were improperly admitted as evidence because they were not obtained by a warrant. This argument is without merit. The stolen laptop and heater were provided voluntarily to law enforcement by proactive and cooperative members of the public. In fact, Bo Mims insisted that someone should come into his house to recover the laptop Totten had left at Mims's place, as Mims refused to touch it out of fear of leaving fingerprints that might wrongly implicate him in a crime. Totten did not have a reasonable expectation of privacy in the locations where the items were taken. The items were not seized by police in violation of any person's Fourth Amendment rights. No government misconduct is implicated in gathering the evidence; therefore the exclusionary rule does not apply to admission of the items at trial. *See* **Katz v. U.S.**, 389 U.S. 347, 88 S. Ct. 507, 19 L. Ed. 2d 576 (1967).

¶10. Totten argues that the trial court should not have allowed Bo Mims to testify because Bo Mims was not correctly identified as a state witness until after the jury was selected. The State had incorrectly identified a Boo Hines as the witness, and did not realize its mistake until the morning of trial. The State renewed its plea offer to Totten, which he again rejected. The State then requested a continuance to ensure having time to transport Bo Mims from his

5

job site to testify. The court denied the continuance, citing speedy trial concerns. Totten's argument is without merit due to his failure to request a continuance. "Failure to request a continuance waives the objection to the late disclosure entirely." ***McGowan v. State***, 859 So. 2d 320, 338 (Miss. 2003); *see also **Dowbak v. State***, 666 So. 2d 1877, 1385 (Miss. 1996). The record also reflects that Totten was not surprised at the testimony of Bo Mims. Totten personally insisted that his attorney ask the following questions of Mims: 1) if Mims paid Totten anything when Totten brought Mims the computer, 2) whether Mims had done business with Totten before Totten brought Mims the computer, 3) why Mims thought it was stolen, and 4) the color of the computer.

¶11.    Totten argues that his trial counsel was ineffective for failing to interview any of the State's witnesses prior to trial. He does not offer a conjecture on what exculpatory or impeachment value such investigation would have uncovered. Regardless, ineffective assistance of counsel is not apparent from the record and therefore is best left to a post-conviction relief (PCR) claim, not a direct appeal. ***Wilcher v. State***, 863 So. 2d 776, 825 (Miss. 2003).[2]

## CONCLUSION

---

[2] Totten argues that he was denied due process due to the presence of an electronic device on him during trial. He states in his supplemental brief that he was afraid to participate verbally in his defense because he was afraid of being shocked. This argument is without merit. As an initial matter, this argument is without merit because there is no factual support in the record that an electronic device to shock him was placed upon him during trial. The record does show that, not only did Totten testify at length on the stand in his own defense, but he was very vocal during the trial proceedings, telling his attorney questions to ask, addressing the bench, and at one point insisting on getting rid of his attorney before deciding to keep him during a recess. He was allowed every opportunity to testify and provide input for his own defense.

¶12.    The State presented sufficient circumstantial evidence of the value of the stolen items for a reasonable jury to infer that the market value of the items at the time of the larceny equaled or exceeded $500. Totten's *pro se* arguments raised in his supplemental brief are without merit. Therefore, Totten's convictions and sentences for burglary and grand larceny are affirmed.

¶13.    **COUNT I: CONVICTION OF BURGLARY OF A DWELLING AND SENTENCE OF TWENTY-FIVE (25) YEARS, AS A § 99-19-81 HABITUAL OFFENDER, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED. SAID SENTENCE SHALL BE SERVED DAY FOR DAY WITHOUT THE BENEFIT OF PAROLE, EARLY RELEASE, TRUSTY TIME OR GOOD BEHAVIOR. COUNT II: CONVICTION OF GRAND LARCENY AND SENTENCE OF TEN (10) YEARS, AS A § 99-19-81 HABITUAL OFFENDER, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED. SAID SENTENCE SHALL BE SERVED DAY FOR DAY WITHOUT THE BENEFIT OF PAROLE, EARLY RELEASE, TRUSTY TIME OR GOOD BEHAVIOR.  SENTENCE SHALL RUN CONCURRENTLY WITH THE SENTENCE IMPOSED IN COUNT I. APPELLANT SHALL PAY $750 RESTITUTION TO COREY RAKESTRAW, A FINE OF $1,000,  $100 TO THE MISSISSIPPI CRIME VICTIMS FUND AND ALL COURT COSTS AT THE RATE OF $100 PER MONTH BEGINNING SIXTY (60) DAYS FROM DATE OF RELEASE. APPELLANT IS GIVEN CREDIT FOR TWO HUNDRED TWENTY-FIVE (225) DAYS SERVED WHILE AWAITING TRIAL AS REQUIRED BY LAW.**

**WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., LAMAR, KITCHENS, PIERCE, KING AND COLEMAN, JJ., CONCUR.**