# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-KA-00287-COA

**COREY GRAY**                                                                    **APPELLANT**

v.

**STATE OF MISSISSIPPI**                                                     **APPELLEE**

DATE OF JUDGMENT:               02/19/2014
TRIAL JUDGE:                   HON. EDDIE H. BOWEN
COURT FROM WHICH APPEALED:   JASPER COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:     OFFICE OF STATE PUBLIC DEFENDER
                                     BY: GEORGE T. HOLMES
                                        BENJAMIN ALLEN SUBER
ATTORNEY FOR APPELLEE:      OFFICE OF THE ATTORNEY GENERAL
                                       BY: SCOTT STUART
DISTRICT ATTORNEY:          DANIEL CHRISTOPHER JONES
NATURE OF THE CASE:        CRIMINAL - FELONY
TRIAL COURT DISPOSITION:    CONVICTED OF GRAND LARCENY AND
                                        SENTENCED TO SERVE TEN YEARS IN
                                        THE CUSTODY OF THE MISSISSIPPI
                                        DEPARTMENT OF CORRECTIONS
DISPOSITION:                   AFFIRMED - 07/21/2015
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE LEE, C.J., ISHEE AND CARLTON, JJ.**

**CARLTON, J., FOR THE COURT:**

¶1. Corey Gray appeals his conviction for grand larceny and sentence of ten years in the custody of the Mississippi Department of Corrections (MDOC). Gray failed to appear before the court for his trial on February 19, 2014, and as a result, the trial court tried Gray in abstentia. On appeal, Gray argues that the State failed to present sufficient evidence at trial to support a conviction for grand larceny. Finding no error, we affirm.

## FACTS

¶2. Lillian Stevens testified that on May 14, 2012, as she was returning home from work, she passed a truck in the road pulling a boat that she believed to be hers. Stevens did not recognize the truck, so she slammed on her brakes and turned around in the middle of the road. When she slammed on her brakes, the truck pulled over to the side of the road. Stevens turned her vehicle around and pulled in front of the truck and the boat, blocking it from leaving. She exited her vehicle and approached the truck. Stevens asked the driver, "Where are you going with my boat?" Stevens testified that the individual driving the truck, identified as Raymond Johnson, "started fussing at the person that was in the truck with him," saying, "Corey, I told you if this was some kind of mess." The passenger, identified as Corey Gray, exited the truck and informed Stevens that the boat was not hers, but that he had purchased the boat. Stevens testified that she knew Gray prior to the day in question.

¶3. Stevens proceeded to call the sheriff's department while Gray argued that he had purchased the boat from "Mr. Knotts that lived down by the lake." Stevens asked Gray to provide her with a bill of sale to prove that he purchased the boat, but Gray told Stevens that he did not have one. Stevens testified that Gray then tried to enter the truck through the passenger door, but that Johnson refused to allow Gray to enter. Stevens stated that Gray then "ran around to the back of the truck and unhooked the boat and dropped it and took off walking." Stevens followed Gray, but she lost him when he "ducked off in the woods."

¶4. During her testimony, the State showed Stevens a picture, which she identified as her "sixteen-foot bass tracker boat trailer and troll motor fish finder." Stevens testified that she

had owned the boat for approximately fourteen years and purchased it for $4,500. Stevens provided a "low estimate" of the value of the boat and trailer, stating that the boat would be valued at $950 and the trailer would be valued at $200.

¶5.    Johnson also testified for the State. He stated that he had only known Gray for about two months prior to the incident. According to Johnson, on May 14, 2012, Gray came by Johnson's house asking Johnson to help him "get his boat." Johnson claimed that he decided to go help Gray in order to get him off of his back. Gray rode with Johnson to get the boat. Johnson testified that as they were getting the boat, he observed Gray looking around and inquired as to Gray's behavior.

¶6.    After hooking up the boat to Johnson's truck and driving away, Johnson testified that he passed another vehicle, and noticed the vehicle hit the brakes. Gray told Johnson, "Go, go, because I don't want to get cursed out." Johnson told Gray that he wanted to see what the person in the vehicle wanted, so he pulled the truck over to the side of the road. Johnson testified that the lady in the vehicle, later identified as Stevens, told the men, "You [are] stealing my boat." Johnson could hear Gray telling Stevens that he (Gray) owned the boat. Johnson identified the picture of the boat introduced into evidence as the boat that he hooked up to his truck.

¶7.    A Jasper County grand jury indicted Gray for grand larceny in violation of Mississippi Code Annotated section 97-17-41 (Rev. 2006).[1] The indictment specifically charged that Gray

---

[1] The statute was revised effective July 1, 2014, to increase the threshold value of the property from $500 to $1,000. Miss. Code Ann. § 97-17-41 (Rev. 2014).

did willfully, unlawfully and feloniously take, steal and carry away the following described property belonging to Lillian Stevens, and valued in excess of Five Hundred Dollars ($500.00), to wit: one (1) Bass Tracker boat, Serial No. BUJ47077L889, and a trailer[;] a picture of said boat and trailer is attached hereto and incorporated herein and marked "Exhibit A,' in violation of Section 97-17-41[.]

¶8. As stated, Gray failed to appeal for trial, and as a result, he was tried in abstentia.[2] After a trial, the jury found Gray guilty of grand larceny, and the trial judge sentenced Gray to serve ten years in the custody of the MDOC. Gray filed a motion for a judgment notwithstanding the verdict or, in the alterative, a new trial. The trial court denied this motion. Gray now appeals.

**STANDARD OF REVIEW**

¶9. "When reviewing the legal sufficiency of evidence, an appellate court considers the evidence in the light most favorable to the prosecution." *Ladd v. State*, 87 So. 3d 1108, 1112 (¶11) (Miss. Ct. App. 2012); *see also Bush v. State*, 895 So. 2d 836, 843 (¶16) (Miss. 2005). When the sufficiency of the evidence is challenged, an appellate court "will reverse and render if the facts and inferences point in favor of the defendant on any element of the offense with sufficient force that reasonable [jurors] could not have found beyond a reasonable doubt that the defendant was guilty." *Conner v. State*, 138 So. 3d 143, 147 (¶7) (Miss. 2014) (citing *Young v. State*, 119 So. 3d 309, 315 (Miss. 2013)). The Mississippi Supreme Court has held that "our relevant inquiry is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*. at 147-48

---

[2] The record contains an order of arraignment entered on March 1, 2013. The order reflected that Gray waived arraignment and entered a plea of not guilty, and that Gray's trial was set for August 29, 2013.

4

(¶7).

## DISCUSSION

¶10.    Gray argues that the State failed to prove the essential elements of the grand larceny, the crime charged in the indictment.  Gray asserts that the State only offered proof of the market value of the used boat through the victim; and he argues that no other evidence was presented to prove the market value at the time of the theft.  As a result, Gray asks this Court to reverse and render his conviction or, in the alternative, reverse and remand his conviction for sentencing on petit larceny.

¶11.    The indictment against Gray alleged that he "did willfully, unlawfully and feloniously, take, steal and carry away the following described property belonging to Lillian Stevens, and valued in excess of Five Hundred Dollars ($500.00), to wit: One (1) Bass Tracker boat, Serial No. BUJ47077L889, and a trailer, . . . in direct violation of Section 97-17-41."

¶12.    Mississippi Code Annotated section 97-17-41(1) (Rev. 2006) provided:

> Every person who shall be convicted of taking and carrying away, feloniously, the personal property of another, of the value of Five Hundred Dollars ($500.00) or more, shall be guilty of grand larceny, and shall be imprisoned in the Penitentiary for a term not exceeding ten (10) years; or shall be fined not more than Ten Thousand Dollars ($10,000.00), or both. The total value of property taken and carried away by the person from a single victim shall be aggregated in determining the gravity of the offense.

¶13.    The State bears the burden of proving each element of a crime.  *See Rogers v. State*, 920 So. 2d 550, 551 (¶6) (Miss. Ct. App. 2006); *see also Henley v. State*, 729 So. 2d 232, 238 (¶25) (Miss. 1998).  Here, Gray argues that the State's only evidence as to the value of the stolen boat consisted of Stevens's testimony of the purchase price of the boat and trailer and

5

her testimony as to the working condition of the boat and trailer when they were stolen. Gray maintains that no evidence existed regarding the physical condition of the items or their market value on the day they were stolen. As a result, Gray argues that the jury should not have been allowed to speculate on the market value of the boat at the time the item was stolen.

¶14.    In *Thompson v. State*, 910 So. 2d 60, 63 (¶10) (Miss. Ct. App. 2005), this Court found that since the stolen property at issue "tend[ed] not to decline in value," the purchase price was "credible evidence that would support a grand larceny conviction." Unlike the stolen property in *Thompson*, which "tend[ed] not to decline in value," Gray submits that the price Stevens paid for the boat failed to account for depreciation in value for normal wear and tear, or for that matter, abnormal wear and tear. Gray asserts that without testimony regarding the general rate of depreciation for boats, the jury was left to determine whether a boat could depreciate from $4,500 to less than $500 in 14 years' time, with no evidence to guide its decision.

¶15.    In the recent case of *Totten v. State*, 2013-KA-01768-SCT, 2015 WL 926957, at *2 (¶7) (Miss. Mar. 5, 2015), the supreme court recognized that our appellate courts "consistently have held that evidence of the purchase price of stolen items is relevant circumstantial evidence from which the jury can reasonably infer the market value of the items at the time of the theft." *See also Gunn v. State*, 56 So. 3d 568, 571 (¶11) (Miss. 2011); *Williams v. State*, 994 So. 2d 821, 825-26 (¶¶13-16) (Miss. Ct. App. 2008); *Smith v. State*, 881 So. 2d 908, 910-11 (¶11) (Miss. Ct. App. 2004).

6

¶16. In *Gunn*, 56 So. 3d at 571 (¶12), the supreme court found that evidence of the purchase price of stolen tools "was sufficient for a reasonable juror to find that the value of the stolen tools was more than $500." Recognizing that "the proper measure of the value of property is the market value of the property at the time and place of the larceny, rather than the original purchase price," the *Gunn* court further clarified that "a jury is allowed reasonably to infer the value of specific items based on purchase price and additional testimony." *Id*. at (¶¶10, 12) (citations omitted); *see also Ellis v. State*, 469 So. 2d 1256, 1259 (Miss. 1985).

¶17. Here, the trial court instructed the jury:

[I]f you find from the evidence in this case that beyond a reasonable doubt:

1. That Corey Gray;

2. On or about May 14, 2012;

3. In the Second Judicial District of Jasper County, Mississippi;

4. [Did] [t]ake[,] steal[,] and carry away the personal property of Lillian Stevens;

5. [Namely,] [o]ne (1) Bass Tracker boat, Serial No. BUJ47077L889[,] and trailer;

6. Valued in excess of $500[;]

then you shall find the defendant, Corey Gray, guilty as charged.

¶18. The record reflects that the jury heard Stevens's testimony regarding the purchase price of the boat and trailer, as well as her testimony that the boat and trailer were in working condition at the time they were stolen. Stevens testified that she purchased the boat fourteen

7

years ago for $4,500. Stevens provided a "low estimate" of the value of the boat and trailer, stating that the boat would be valued at $950 and the trailer would be valued at $200. The State also admitted into evidence a picture of Stevens's boat and trailer, and Johnson identified the boat and trailer in the picture as the same one he hooked up to his truck. which was provided to the jury.

¶19.    Precedent establishes that "evidence is sufficient where 'reasonable, fair-minded [jurors], in the exercise of impartial judgment, might reach different conclusions.'" *White v. State*, 107 So. 3d 999, 1001 (¶11) (Miss. Ct. App. 2012) (citation omitted). In this case, the record reflects sufficient evidence exists from which the jury could find beyond a reasonable doubt the essential elements of the charged offense of grand larceny, including the value of the stolen boat and trailer at $1,000 or more. *See Ross v. State*, 914 So. 2d 814, 815 (¶8) (Miss. Ct. App. 2005). As a result, we affirm Gray's conviction and sentence.

¶20.    **THE JUDGMENT OF THE JASPER COUNTY CIRCUIT COURT OF CONVICTION OF GRAND LARCENY AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JASPER COUNTY.**

   **LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, MAXWELL, FAIR AND JAMES, JJ., CONCUR. WILSON, J., NOT PARTICIPATING.**