WALLER, CHIEF JUSTICE, DISSENTING:
 

 ¶ 35. Because the evidence used to establish the value of the stolen property lacked a sufficient factual basis, I respectfully dissent.
 

 ¶ 36. Jason Lee Miles was convicted of grand larceny under Mississippi Code Section 97-17-41(1). The State carried the burden of proving, beyond a reasonable doubt, that Donald Coleman's stolen property was "of the value of One Thousand Dollars ($1,000.00) or more, but less than Five Thousand Dollars ($5,000.00)[.]"
 

 Miss. Code Ann. § 97-17-41
 
 (Rev. 2014). To prove the value of the three stolen items-the four-wheeler, lawn mower, and trailer-the State relied on the testimony of Lavell Coleman, Donald's brother.
 

 ¶ 37. According to Lavell, he was with Donald when he purchased the lawn mower three and one half years before the theft, and the purchase price of the mower was $2,800. "This Court has held that the proper measure of the value of property is the market value of the property at the time and place of the larceny, rather than the original purchase price."
 
 Gunn v. State
 
 ,
 
 56 So.3d 568
 
 , 571 (¶ 10) (Miss. 2011) ;
 
 see also
 

 Totten v. State
 
 ,
 
 166 So.3d 32
 
 , 35 (¶ 7) (Miss. 2015) ;
 
 Barry v. State
 
 ,
 
 406 So.2d 45
 
 , 47 (Miss. 1981) ;
 
 Thompson v. State
 
 ,
 
 910 So.2d 60
 
 , 63 (¶ 9) (Miss. Ct. App. 2005). It is true that "evidence of the purchase price of stolen items is relevant circumstantial evidence from which the jury can reasonably infer the market value of the items at the time of the theft."
 
 Totten
 
 ,
 
 166 So.3d at 35
 
 (¶ 7). However, in those cases where we have affirmed the use of the purchase price as circumstantial evidence, the length of time was significantly closer between the purchase and the larceny.
 
 See, e.g.,
 

 Totten
 
 ,
 
 166 So.3d at 35
 
 (¶ 8) (The purchases were made "recently before the burglary[.]");
 
 Gunn
 
 ,
 
 56 So.3d at 571
 
 (¶ 11) (The items were purchased "six months before they were stolen."). Here, three and half years had elapsed between the time the lawn mower was purchased and when the larceny occurred. Taking depreciation into account, the timing is too attenuated to calculate the market value of the lawn mower at the "time and place of the larceny" by using only the purchase price.
 

 ¶ 38. But Lavell did not testify only to the purchase price of the lawn mower. He also gave a lay opinion as to what he thought all three of the items were worth at the time of the larceny: the lawn mower ($2,000 to $2,500); the fifteen-to-twenty-year-old, nonfunctioning four-wheeler ($800 to $1,500); and the trailer ($1,000 to $1,500). Miles's defense counsel timely objected to Lavell giving his opinion because he was not the owner of the items and had established no basis for knowing their market value. The trial court overruled Miles's objections because Lavell was "familiar with the property." While true, Lavell was not the owner of the items, and his familiarity with them does not mean he was "familiar with the market value."
 
 Williams v. State
 
 ,
 
 763 So.2d 186
 
 , 189 (¶ 10) (Miss. Ct. App. 2000). Lavell "could speculate, but that is insufficient."
 

 Id.
 

 ¶ 39. Since the State failed to prove the market value of the items at the time and place of the larceny, I would reverse the judgment of the Neshoba County Circuit Court and remand the case for further proceedings.
 

 KITCHENS, P.J., KING AND ISHEE, JJ., JOIN THIS OPINION.